2007 ND 31

**STATE of North Dakota, Plaintiff
and Appellee,**

v.

**Natalee Michelle DUCHENE,
Defendant and
Appellant.**

**No. 20060164.**

Supreme Court of North Dakota.

Feb. 28, 2007.

Jonathan H.P. Anderson, Assistant State's Attorney, Fargo, N.D., for plaintiff and appellee.

Douglas W. Nesheim (argued) and Steven D. Mottinger (on brief), Fargo, N.D., for defendant and appellant.

SANDSTROM, Justice.

[¶ 1] Natalee Duchene has appealed from a judgment of conviction for possession of drug paraphernalia. We affirm, concluding Duchene's failure to challenge the district court's ruling that the good faith exception to the exclusionary rule applied is dispositive of the appeal.

I

[¶ 2] In September 2005, Detective Glen Hanson of the Fargo Police Department applied for a search warrant for Duchene's apartment in Fargo. In support of the application, Detective Hanson submitted an affidavit detailing information he had obtained the day before from a confidential informant. The informant had advised Detective Hanson that within the prior 24 hours the informant had seen a large blue marijuana bong on a nightstand in Duchene's bedroom in her apartment. Detective Hanson's affidavit noted the confidential informant was "working off" drug charges from a prior arrest and this was the first time information from the informant had been used to apply for a search warrant. The affidavit also indicated that Detective Hanson had verified Duchene lived at the address given by the informant, and that the informant had provided names and addresses of two other Fargo-area drug users who were being investigated by the Fargo Police Department.

[¶ 3] On the basis of Detective Hanson's affidavit, the magistrate found there was probable cause and issued the search warrant. The subsequent search of Duchene's apartment yielded various items of drug paraphernalia, and Duchene was charged with two counts of possession of drug paraphernalia.

[¶ 4] Duchene moved to suppress all evidence obtained in the search, arguing Detective Hanson's affidavit did not establish sufficient reliability of the confidential informant and, therefore, probable cause did not exist to support issuance of the search warrant. In its memorandum opinion on the motion to suppress, the district court summarized the parties' contentions regarding the credibility of the confidential informant and concluded that "this is a close case for the existence of probable cause." Without expressly deciding whether Detective Hanson's affidavit was sufficient to establish probable cause, the court disposed of the motion on the basis of the good faith exception to the exclusionary rule:

> Because this is a close case, however, the present motion turns on the "good-faith exception" as expressed in *U.S. v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).

The court concluded the law enforcement officers' reliance on the magistrate's finding of probable cause was reasonable and the good faith exception to the exclusionary rule applied. The court therefore denied Duchene's motion to suppress.

[¶ 5] Duchene entered a conditional plea of guilty, reserving her right to appeal from the denial of her motion to suppress. *See* N.D.R.Crim.P. 11(a)(2). Judgment of conviction was entered and Duchene appealed, alleging there was no probable cause to support issuance of the search warrant.

[¶ 6] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. The appeal was timely under N.D.R.App.P. 4(b). This Court has jurisdiction under N.D. Const. art. VI, § 2, and N.D.C.C. § 29–28–06.

## II

■ [¶ 7] Although evidence obtained through an unconstitutional search and seizure is generally inadmissible in state courts, the good faith exception recognized in *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405 (1984), provides that "exclusion of evidence is not the proper remedy when an officer has acted in good faith upon objectively reasonable reliance that a warrant was properly issued by a neutral and detached magistrate." *State v. Dodson,* 2003 ND 187, ¶ 20, 671 N.W.2d 825; *see Leon,* at 922, 104 S.Ct. 3405.

[¶ 8] The court, after noting that the record presented "a close case for the existence of probable cause," concluded that resolution of the motion to suppress turned on the good faith exception under *Leon.* Although the court did not expressly determine whether probable cause existed to support the warrant, its reliance on the good faith exception suggests it implicitly found probable cause was lacking.

[¶ 9] This case comes to us in a most unusual procedural posture. Duchene does not challenge the district court's conclusion that the officers' reliance on the search warrant was reasonable and that the good faith exception applied. In fact, Duchene's brief on appeal never once mentions the term "good faith." The only issue raised by Duchene is whether the search warrant was supported by probable cause. In effect, Duchene on appeal has challenged only the issue upon which the district court implicitly ruled in her favor, while wholly ignoring the issue upon which the court based its decision to deny her motion to suppress.

[¶ 10] Issues not briefed by an appellant are deemed abandoned, and thereby become the law of the case and will not be considered on appeal. *Lawrence v. Delkamp*, 2006 ND 257, ¶ 13, 725 N.W.2d 211; *Haugenoe v. Bambrick*, 2003 ND 92, ¶ 14, 663 N.W.2d 175; *State v. Keilen*, 2002 ND 133, ¶ 13 n. 1, 649 N.W.2d 224; *Estate of Murphy v. Maus*, 2001 ND 87, ¶ 13 n. 1, 626 N.W.2d 281. Therefore, the district court's determination that the officers' reliance on the warrant was objectively reasonable and that the good faith exception applied is controlling. Even if we agreed with Duchene's contention that there was no probable cause to support issuance of the warrant, under these circumstances the judgment of conviction is still sustainable based upon the district court's unchallenged determination that the good faith exception to the exclusionary rule applied. We therefore find it unnecessary to address the probable cause issue because its resolution would not alter the dispositive conclusion that the good faith exception applies and the evidence was therefore not subject to exclusion.

III

[¶ 11] The judgment of conviction is affirmed.

[¶ 12] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.