2010 ND 60

**RRMC CONSTRUCTION, INC., d/b/a Miller Construction, Plaintiff and Appellee**

v.

**Bill BARTH d/b/a Saturn of Bismarck Mandan and/or Bill Barth Ford, Inc., Defendant and Appellant.**

No. 20090292.

Supreme Court of North Dakota.

April 6, 2010.

Marnell Ringsak, Bismarck, ND, for plaintiff and appellee.

Irvin B. Nodland, Bismarck, ND, for defendant and appellant.

CROTHERS, Justice.

[¶ 1] Bill Barth appeals the district court's judgment requiring him to pay RRMC Construction, Inc. $102,951.62 plus costs and disbursements. Barth also appeals the district court's order denying his motion for a new trial. We affirm.

I

[¶ 2] In the late fall of 2006, Barth made an oral contract with Randy Miller of RRMC Construction. Under the contract, Miller was to construct a building for Barth's use as a Saturn dealership and Barth was to compensate Miller for his costs plus 12 percent profit. In July 2007, Miller began construction without a final set of building plans, and many design details were resolved as construction progressed. Initially estimated at $540,000, the cost of construction rose quickly as Miller and Barth attempted to meet specific and expensive design qualities suggested by Saturn. Adding to the cost were significant design changes initiated by Barth, including adding a loft in the showroom, adding a metal liner to the dealership's

shop and adding an inch of thickness to an enlarged parking lot.

[¶ 3] Miller provided Barth with monthly invoices starting in August 2007. Barth paid Miller $93,647.37 on August 3, 2007; $97,124.24 on September 6, 2007; $178,587.08 on October 2, 2007; and $213,987.90 on November 1, 2007. On December 3, 2007, Miller presented Barth with a bill for $314,288.33. Barth became angry and demanded to know how much it would cost to complete construction. Miller stated it would cost about $75,000 to complete construction, and Barth told Miller to double-check his invoices to confirm the amount. Miller complied, and on December 5, 2007, he called Barth with a confirmed estimate of $75,000 to complete the project. Following Miller's confirmation, Barth gave Miller a $314,288.33 check to satisfy the December invoice.

[¶ 4] The building was completed in early December 2007. In late December 2007, Miller presented Barth with a final invoice totaling roughly $181,000. Miller's final invoice was higher than his estimated completion cost because the estimate excluded a misfiled electrician's bill for $88,000, a roofer's bill for $20,000 that had not been previously submitted and Miller's 12 percent markup from November and December. Barth refused to pay Miller's final invoice, opting instead to pay Miller $94,192.16 to prevent Miller's subcontractors from filing mechanic's liens on the building.

[¶ 5] On February 3, 2008, Miller submitted a revised final invoice for $126,617.44. Barth refused to pay, and Miller initiated this action on March 13, 2008. A bench trial was held on February 24 and 25, 2009. Miller testified he did not intend to change the cost plus 12 percent contract to a fixed-term contract when he estimated a completion cost of $75,000. Barth testified the only reason he paid Miller's $314,288.33 invoice was because Miller told him it would cost $75,000 to finish the job. The district court found for Miller, determining the oral contract between Miller and Barth had not been modified because the parties did not orally consent to the modification and because no new consideration supported Barth's proposed modification. Judgment was entered against Barth, and Barth moved for a new trial. The district court denied Barth's motion for a new trial; Barth timely filed this appeal.

II

[¶ 6] Barth advances numerous arguments challenging the district court's factual determinations regarding alteration of the oral contract into a fixed-term contract. An oral contract can be altered "by consent of the parties in writing without a new consideration, or by oral consent of the parties with a new consideration." N.D.C.C. § 9–09–05. Neither party asserts the oral contract was altered by a written document, so any alteration here would have needed oral consent from both parties and new consideration.

[¶ 7] "The existence of an oral contract and the extent of its terms are questions of fact subject to the clearly erroneous standard of review under N.D.R.Civ.P. 52(a)." *WFND, LLC v. Fargo Marc, LLC*, 2007 ND 67, ¶ 38, 730 N.W.2d 841. The same standard applies when determining if an oral contract has been altered because a modification would necessarily encompass the contract terms and because the consent and consideration provisions of N.D.C.C. § 9–09–05 are fact questions subject to clearly erroneous review. *See, e.g., Gravel Products, Inc. v. Neshem–Peterson, Inc.*, 335 N.W.2d 323, 327 (N.D.1983) (applying clearly erroneous standard of review to consent finding); *G.L. Ness Agency v. Woell*, 335 N.W.2d

561, 562–63 (N.D.1983) (applying clearly erroneous standard of review to consideration finding). "A finding of fact is clearly erroneous if it is not supported by any evidence, if, although there is some evidence to support the finding, a reviewing court is left with a definite and firm conviction a mistake has been made, or if the finding is induced by an erroneous conception of the law." *Pfeifle v. Tanabe*, 2000 ND 219, ¶ 7, 620 N.W.2d 167. "A trial court's choice between two permissible views of the weight of the evidence is not clearly erroneous, and simply because we may have viewed the evidence differently does not entitle us to reverse the trial court." *Edward H. Schwartz Constr., Inc. v. Driessen*, 2006 ND 15, ¶ 6, 709 N.W.2d 733 (quoting *Brandt v. Somerville*, 2005 ND 35, ¶ 12, 692 N.W.2d 144).

[¶ 8] Both parties testified at trial they never expressly discussed modifying their cost-plus contract to a fixed-term contract. Miller testified he interpreted his December conversations with Barth to mean that the cost-plus contract was still in place and that invoice billing would continue as before. Barth testified he interpreted the same December conversations to mean that Miller would complete construction for somewhere between $74,000 and $76,000. An oral contract only can be altered with consent, and after hearing both parties' testimony and viewing the relevant evidence, the district court found Miller did not consent to change the cost-plus contract to a fixed-term contract. N.D.C.C. § 9–09–05. "On appeal, we do not reweigh conflicts in the evidence, and we give due regard to the trial court's opportunity to judge the credibility of the witnesses." *Edward H. Schwartz Constr., Inc.*, 2006 ND 15, ¶ 6, 709 N.W.2d 733 (quoting *Brandt*, 2005 ND 35, ¶ 12, 692 N.W.2d 144). Since the district court's determination is supported by the evidence, it did not err in finding the parties did not consent or agree the cost-plus contract was modified to a fixed-term contract. Because of our conclusion, there is no need to reach the second inquiry whether new consideration supported an agreement to modify the contract. *See* N.D.C.C. § 9–09–05.

## III

[¶ 9] Barth appealed the district court's order denying his motion for a new trial. Barth's argument the district court abused its discretion in denying his motion for appeal was identical to his argument the district court's judgment was erroneous on the merits. Without more, and because the district court did not err on the merits, we are unable to conclude the district court abused its discretion by denying Barth's motion for a new trial. *See, e.g., State v. Schlotman*, 1998 ND 39, ¶ 14, 575 N.W.2d 208 (upholding conviction and denying motion for new trial where argument for new trial was dependent on merits of conviction).

## IV

[¶ 10] The judgment of the district court is affirmed.

[¶ 11] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.