2014 ND 238

**Harry W. CHORNUK and Linda D. Chornuk, Plaintiffs and Appellees**

v.

**Craig NELSON and Julie Nelson, Defendants and Appellants.**

No. 20140124.

Supreme Court of North Dakota.

Dec. 22, 2014.

Michael J. Maus (argued), and Mark C. Sherer (on brief), Dickinson, N.D., for plaintiffs and appellees.

Aaron R. Hartman (argued), Minneapolis, MN, and Jordon J. Evert (appeared), Williston, N.D., for defendants and appellants.

CROTHERS, Justice.

[¶1] Craig and Julie Nelson appeal from a judgment quieting title in certain real property in Harry and Linda Chornuk and awarding the Chornuks damages for conversion, and from an amended judgment modifying the damage award. The Nelsons argue the district court erroneously found they did not purchase the property in good faith and erred in quieting title of the property in favor of the Chornuks. We affirm.

I

[¶2] The disputed property is located in McKenzie County and is described as a 1.667 acre tract in the northwest quarter and southwest quarter of section 17, township 150 north, range 90 west.

[¶3] In January 1986, Norman and Mildred Dahl conveyed the property to the Chornuks by warranty deed, but the deed was not recorded until June 24, 2010. On June 17, 2005, after Norman Dahl's death, Mildred Dahl conveyed the same property by warranty deed to the Nelsons as part of the conveyance of approximately 44.5 acres. The deed was recorded on July 5, 2005.

[¶4] In September 2010, the Chornuks sued the Nelsons to quiet title to the property and sought damages for claims of trespass and conversion. The Nelsons moved for summary judgment, arguing they were entitled to judgment as a matter of law and to have title quieted in their favor because they recorded their deed to

the property more than five years before the Chornuks recorded their deed. The Chornuks opposed the motion, arguing a question of fact exists whether the Nelsons had constructive notice of the Chornuks' interest and whether the Nelsons were good-faith purchasers. The district court denied the Nelsons' motion, concluding summary judgment was not appropriate because a genuine issue of material fact existed.

[¶ 5] After a bench trial, the district court quieted title in favor of the Chornuks. The court found the Chornuks mowed the property three or four times per year, planted trees on the property, installed drip irrigation lines for the trees, installed flower boxes on the property and performed other general maintenance. The court found that the Chornuks' actions were sufficient to put a prudent person on notice someone else had an interest in the property and that the Nelsons were required to conduct further inquiry before purchasing the property from Mildred Dahl. The court found the Nelsons had constructive notice of the Chornuks' interest and were not good-faith purchasers. The court awarded the Chornuks $2,830 in damages for trees the Nelsons cut down on the property. A judgment was entered.

[¶ 6] The Nelsons moved for reconsideration, arguing the damage award was not supported by the evidence. The court granted the Nelsons' motion. After a hearing, the court ordered the damage award be reduced to $360 and entered an amended judgment.

## II

[¶ 7] The Chornuks argue the Nelsons waived their right to appeal from the judgment because they voluntarily paid the damages awarded in the judgment.

[¶ 8] "[A] party who voluntarily pays a judgment against him waives the right to appeal from the judgment." *State ex rel. Storbakken v. Scott's Elec., Inc.*, 2014 ND 97, ¶ 6, 846 N.W.2d 327 (quoting *Ramsey Fin. Corp. v. Haugland*, 2006 ND 167, ¶ 9, 719 N.W.2d 346). However, "payment or acquiescence under coercion or duress does not constitute a waiver." *Schwab v. Zajac*, 2012 ND 239, ¶ 8, 823 N.W.2d 737 (quoting *Haugland*, at ¶ 8). We look at the facts and circumstances of each case to determine if the judgment was voluntarily paid, and "the party seeking dismissal of the appeal bears the burden of showing the judgment was paid voluntarily." *Schwab*, at ¶ 8 (quoting *Mr. G's Turtle Mountain Lodge, Inc. v. Roland Twp.*, 2002 ND 140, ¶ 13, 651 N.W.2d 625).

[¶ 9] After the trial, judgment was entered awarding the Chornuks $2,830 in damages. The Nelsons moved for reconsideration of the amount of the damages, and their motion was granted. Before a hearing on the motion was held, the Chornuks caused an execution of judgment to be filed, directing the sheriff to satisfy the judgment out of the Nelsons' personal property. The judgment was satisfied through this process, which cannot be considered "voluntary payment" by the Nelsons. *See Twogood v. Wentz*, 2001 ND 167, ¶ 20, 634 N.W.2d 514 (payment of cost judgment in the face of a sheriff's execution did not waive right to appeal). The Nelsons did not voluntarily pay the judgment and they did not waive their right to appeal.

## III

[¶ 10] In an appeal from a bench trial, the district court's factual findings are reviewed under the clearly erroneous standard and conclusions of law are fully reviewable. *C & C Plumbing and*

*Heating, LLP v. Williams County,* 2014 ND 128, ¶ 6, 848 N.W.2d 709. "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, after reviewing all the evidence, we are left with a definite and firm conviction a mistake has been made." *Id.* (quoting *Trosen v. Trosen,* 2014 ND 7, ¶ 20, 841 N.W.2d 687). The trial court determines the witnesses' credibility and we will not second-guess the court's credibility determinations. *C & C,* at ¶ 6.

[¶ 11] The Nelsons argue the district court erred in quieting title to the property in the Chornuks. The Chornuks and the Nelsons purchased the disputed property from the Dahls. The Chornuks purchased the property in 1986, and the Nelsons purchased the property in 2005. Although the Chornuks purchased the property in 1986, they did not record the deed until 2010, five years after the Nelsons recorded their deed for the property. The Nelsons argue they acquired their interest in the property in good faith and for valuable consideration, the Chornuks did not record their deed until after the Nelsons purchased the property and recorded their deed, and therefore their interest is superior to the Chornuks' interest under N.D.C.C. § 47–19–41.

[¶ 12] "An unrecorded instrument is valid as between the parties thereto and those who have notice thereof." N.D.C.C. § 47–19–46. "Every conveyance of real estate not recorded shall be void as against any subsequent purchaser in good faith, and for a valuable consideration...." N.D.C.C. § 47–19–41 (2010)[1]. Although the Chornuks' deed had not been recorded when the Nelsons purchased the property,

the district court was required to decide whether the Nelsons were good-faith purchasers or had notice of the Chornuks' interest in the property.

[¶ 13] The Nelsons argue the district court erroneously found they did not purchase the property·in good faith. "Good faith" is "an honest intention to abstain from taking any unconscientious advantage of another even through the forms or technicalities of law, together with an absence of all information or belief of facts which would render the transaction unconscientious." N.D.C.C. § 1–01–21. "[A] good faith purchaser must acquire rights without actual or constructive notice of another's rights." *Farmers Union Oil Co. of Garrison v. Smetana,* 2009 ND 74, ¶ 16, 764 N.W.2d 665 (quoting *Diocese of Bismarck Trust v. Ramada, Inc.,* 553 N.W.2d 760, 768 (N.D.1996)); *see also Swanson v. Swanson,* 2011 ND 74, ¶ 9, 796 N.W.2d 614. Actual notice is express information of a fact, N.D.C.C. § 1–01–23, and constructive notice is notice imputed by the law to a person who does not have actual notice, N.D.C.C. § 1–01–24. "Every person who has actual notice of circumstances sufficient to put a prudent person upon inquiry as to a particular fact and who omits to make such inquiry with reasonable diligence is deemed to have constructive· notice of the fact itself." N.D.C.C. § 1–01–25. A person who has actual notice of circumstances sufficient to put a prudent person upon inquiry, and who fails to make the requisite inquiry, "cannot claim the protection of a good-faith purchaser status" and "will be charged with constructive notice of all facts that such inquiry would have revealed." *Swanson,* at ¶ 10.

---

1. Section 47–19–41, N.D.C.C., was amended in 2013 and the current version became effective on August 1, 2013. *See* 2013 Sess. Laws ch. 350. This action was filed in 2010, and therefore the prior version of the statute applies.

[¶ 14] The issues of good faith and constructive notice require an examination of the information the purchaser possessed. *Smetana,* 2009 ND 74, ¶ 16, 764 N.W.2d 665. To have constructive notice, the information the person possesses "must be sufficient to assert the existence of an interest as a fact, which in turn gives rise to a duty to investigate." *Id.* (quoting *Diocese of Bismarck,* 553 N.W.2d at 768). We have further explained:

> "The information need not be so full and detailed as to communicate a complete description of the opposing party interest. It is sufficient if it asserts the existence of a right or interest as a fact.... *It need not state all the particulars or impart complete knowledge.* It is enough if he has *reasonable ground to believe that a conflicting right exists as a fact.*"

*Swanson,* 2011 ND 74, ¶ 12, 796 N.W.2d 614 (quoting *Nygaard v. Robinson,* 341 N.W.2d 349, 356 (N.D.1983)).

[¶ 15] Whether a party acted in good faith is a question of fact. *Smetana,* 2009 ND 74, ¶ 15, 764 N.W.2d 665. Generally, the question of whether a party had notice is also a question of fact. *Erway v. Deck,* 1999 ND 7, ¶ 11, 588 N.W.2d 862. A party's status as a good faith purchaser without notice of a competing interest is a mixed question of fact and law, and we have explained:

> "The factual circumstances relating to events surrounding the transaction—the realities disclosed by the evidence as distinguished from their legal effect—constitute the findings of fact necessary to determine whether a party has attained the status of a good faith purchaser without notice. A court's ultimate determination that a party is not a good faith purchaser for value is a conclusion of law, because that determina-

tion describes the legal effect of the underlying factual circumstances."

*Smetana,* at ¶ 16 (quoting *Diocese of Bismarck,* 553 N.W.2d at 768).

[¶ 16] Here, the district court quieted title to the property in the Chornuks, concluding the Nelsons had constructive notice and were not good-faith purchasers. The court found:

> "[The Chornuks]· presented testimony that they had planted trees on the subject property and had various equipment parked there over the years. They had also cut the grass three or four times a year since 1986 and had installed drip systems for the trees along with flower boxes. In addition, their grandson had played on the property and picked weeds and watered the property.· [The Chornuks] also submitted that they had spent money on planting the trees in a total amount of $2,830 and that the trees had been destroyed by the [Nelsons] in 2010.
>
> "[Craig Nelson] admitted he had seen the [Chornuks] watering trees and mowing grass, but that he hadn't discovered the other unrecorded deed until much later. [The Nelsons] denied they saw [the Chornuks] storing property."

The court found the Nelsons drove by the property on a "near-daily" basis and the Chornuks' acts of mowing the property three or four times per year, planting trees, installing a drip line for the trees, installing flower boxes on the property and performing other general maintenance placed the Nelsons on notice of the Chornuks' interest in the property and the Nelsons were required to conduct further inquiry. The court concluded the Nelsons had constructive notice of the Chornuks' interest and were not protected as good-faith purchasers.

[¶ 17] Evidence was presented at trial supporting the district court's findings.

Evidence establishes the disputed property is adjacent to the Chornuks' house. Harry Chornuk testified they planted trees on the disputed property three times, built and installed flower boxes on the property, mowed the grass and performed other maintenance on the land every year since 1986. He testified they planted trees on the property in 1994 and 1999. Linda Chornuk testified they installed the flower boxes on the property a few years after they purchased the property. Harry Chornuk testified they also installed a drip system for watering the trees, manually watered the trees when the drip system was not working properly and occasionally parked equipment on the property. The Chornuk's grandson testified that he is eighteen years old and lives with the Chornuks, that he mowed the disputed property and helped take care of the land and that he played with his cousins on the property when he was younger. The Chornuks presented photographic evidence of an aerial view of their property, showing a line of trees along the outside edge of the property, which create a border around the property and include the disputed property within the tree border. Harry Chornuk testified they planted the trees all the way around the property so their property was surrounded by trees.

[¶ 18] To determine whether the Nelsons had constructive notice, the district court was required to consider the information the Nelsons possessed when they purchased the property in June 2005. Harry Chornuk testified the Nelsons live about one-half mile north of the Chornuks' property and the Nelsons use a road running in front of the Chornuks' property to get to their house. Harry Chornuk testified the Nelsons also own the property to the south and to the east of the Chornuk property. Craig Nelson testified he drives past the disputed property daily and sometimes multiple times per day, he saw the Chornuks mowing the grass and watering the trees on the property and he knew Dahl was not using the property when he purchased it. Julie Nelson testified she drives by the property multiple times per day. She also testified that they knew the Chornuks were mowing and taking care of the property when they purchased it and that they thought they would be neighborly and let the Chornuks continue to use the property since it was next to the Chornuks' house. Craig Nelson testified he did not ask Dahl whether the Chornuks had purchased or were renting the property or whether Dahl had previously sold the property. He testified to knowing someone planted trees on the property and to seeing the Chornuks watering the trees and mowing the grass before he purchased the property.

[¶ 19] The district court did not make any specific findings about when the Chornuks' activities on the property occurred. However, the court is required to consider the information the purchaser possessed when the property was conveyed and sufficient evidence exists about the Chornuks' activities before the Nelsons purchased the property for the court to make findings. Evidence established the Chornuks mowed the property and performed other maintenance on the property every year since 1986, they installed the flower boxes a few years after they purchased the property and they planted the trees in the 1990s. We can infer the court's findings are based on the evidence of the Chornuks' activities prior to the Nelsons purchasing the property in 2005. See *Rustad v. Rustad*, 2014 ND 148, ¶ 15, 849 N.W.2d 607 (quoting *P.A. v. A.H.O.*, 2008 ND 194, ¶ 14, 757 N.W.2d 58) ("When the district court fails to specifically address a particular item, ... [the] court's findings of fact are not clearly erroneous if supporting evidence is

'fairly discernable by deduction or inference' in the record.").

[¶ 20] The Nelsons argue no evidence shows they knew who planted the trees or who installed the flower boxes on the property. They claim they only knew the Chornuks were mowing the grass and watering trees on the property, but that such evidence is not sufficient to support the court's finding they had notice of the Chornuks' interest and a duty to inquire. We do not agree.

[¶ 21] Evidence established the property is located adjacent to the Chornuks' house and trees were planted on the edge of the property creating a border around the Chornuks' property, including around the disputed property. Although the Nelsons did not testify that they knew who planted the trees or installed the flower boxes, they testified they were aware someone planted the trees and they knew the Chornuks were using and maintaining the property. There also was evidence the Chornuks watered the trees and the Nelsons were aware the Chornuks were caring for the property. Evidence also established the Nelsons knew the Chornuks were mowing the grass and performing other general maintenance on the property. The Nelsons testified they drive by the property multiple times per day and they knew Dahl had not been using the disputed property when they purchased it. The district court could make reasonable inferences based on the evidence. *See State ex rel. Heitkamp v. Family Life Servs., Inc.*, 2000 ND 166, ¶ 26, 616 N.W.2d 826. The open and notorious possession and occupancy of property by a person other than the grantor is sufficient to charge a purchaser with knowledge of the rights of the occupant. *See Farm Credit Bank of St. Paul v. Martinson*, 478 N.W.2d 810, 813 (N.D.1991); *Agricultural Credit Corp. v. State*, 74 N.D. 71, 78, 20 N.W.2d 78, 81 (1945). The court found the Chornuks' possession and occupancy was open and notorious. The evidence supports the court's finding the information the Nelsons possessed prior to purchasing the property was sufficient to put a prudent person on notice and give them reasonable grounds to believe a conflicting right existed. The Nelsons had constructive notice of the Chornuks' interest in the property.

[¶ 22] The evidence supports the court's findings about the Chornuks' activities on the property and that the Nelsons had constructive notice of the Chornuks' interest in the property. The Nelsons admit they did not inquire about the Chornuks' interest before purchasing the property from Dahl. Because the evidence supports the district court findings, the Nelsons were not good-faith purchasers.

## IV

[¶ 23] We conclude the Nelsons were not good-faith purchasers and the district court did not err in quieting title to the property in the Chornuks. We considered all remaining issues or arguments and conclude they either are unnecessary to our decision or are without merit. We affirm the judgment and amended judgment.

[¶ 24] GERALD W. VANDE WALLE, C.J., ALLAN L. SCHMALENBERGER, S.J., LISA FAIR McEVERS and DALE V. SANDSTROM, JJ., concur.

[¶ 25] The Honorable ALLAN L. SCHMALENBERGER, S.J., sitting in place of KAPSNER, J., disqualified.