2015 ND 79

**Eugene PEGG, Plaintiff and Appellee**

v.

**Kelly KOHN and Kohn Electric, L.L.C., Defendants and Appellants.**

No. 20140202.

Supreme Court of North Dakota.

April 2, 2015.

Jordan B. Weir (argued) and Robert G. Manly (on brief), Fargo, N.D., for plaintiff and appellee.

Lawrence P. Kropp, Jamestown, N.D., for defendants and Appellants.

CROTHERS, Justice.

[¶ 1] Kelly Kohn and Kohn Electric, LLC, appeal from a judgment awarding Eugene Pegg $11,299 for breach of an oral partnership agreement. Because the district court's challenged findings of fact are not clearly erroneous, we affirm.

I

[¶ 2] Pegg has been an electrician for more than 30 years and has had several employers throughout his career. In 1999, Sungold, a sunflower seed processing facility, became Pegg's customer, and Pegg brought the Sungold account with him when he changed employers. Kohn has been an electrician since 1996 and became a partner in each of the companies in which he was employed. In 2009, both Pegg and Kohn worked at Enterprise Electric in Valley City. In March 2009, Kohn left Enterprise Electric and started Kohn Electric.

[¶ 3] In June 2009, Pegg was dissatisfied with his job at Enterprise Electric because the company refused to pay him a percentage of the substantial revenue generated by the Sungold account. Pegg testified he approached Kohn and proposed that they become partners in Kohn Electric, with Pegg contributing the Sungold account and $10,000 in capital. In return, Pegg would receive 10 percent of the gross revenue generated by the Sungold account, 10 percent of Kohn Electric's net revenue, and an hourly wage. . Pegg stated he agreed to the same wage he received from Enterprise Electric and agreed to no paid vacations or overtime pay. Although no written agreement existed about the alleged partnership, Pegg testified he and Kohn "shook hands on it," and Pegg began working at Kohn Electric in July 2009. Pegg paid $9,152.49 for a pickup truck titled in Kohn Electric and paid for tools and equipment for the business.

[¶ 4] After Kohn denied he and Pegg were partners, Pegg quit Kohn Electric and in 2011 brought this action for breach of the oral partnership agreement, seeking recovery of proceeds due under the agreement. Before trial, Kohn paid Pegg $9,152.49 for his contributions to the business. Following a bench trial, the district court found the parties entered into an oral partnership agreement, Pegg substantially performed his obligations under the agreement by contributing the pickup, equipment and the Sungold account, and Kohn breached the agreement. The court found no agreement existed giving Pegg 10 percent of Kohn Electric's net income from all accounts, but it awarded Pegg $11,164 representing 10 percent of the gross revenue generated from the Sungold account during Pegg's employment. Judgment of $11,299, including costs and disbursements, was entered against Kohn and Kohn Electric.

II

[¶ 5] Kohn and Kohn Electric argue the district court erred in determining an oral partnership agreement existed entitling Pegg to damages for its breach.

## A

[¶ 6] We note some issues that are not considered in this appeal. No issue was raised about the possible applicability of the statute of frauds under N.D.C.C. § 9–06–04(1). Although Kohn now argues he cannot be held personally liable because the damages are an obligation owed by Kohn Electric, this argument was not raised in the district court and cannot be raised for the first time on appeal. *See, e.g., Alerus Fin., N.A. v. Lamb*, 2003 ND 158, ¶ 17, 670 N.W.2d 351. Kohn and Kohn Electric also do not challenge the measure of damages used by the court in view of Pegg's acceptance of the $9,152.49 payment before trial or the court's finding of substantial performance. Unraised issues, even if meritorious, become the law of the case. *See Bakke v. D & A Landscaping Co., LLC*, 2012 ND 170, ¶ 17, 820 N.W.2d 357; *State v. Duchene*, 2007 ND 31, ¶ 10, 727 N.W.2d 769.

## B

[¶ 7] Kohn and Kohn Electric argue the district court erred in determining the parties made an oral partnership agreement.

[¶ 8] A partnership agreement may be oral. *See* N.D.C.C. § 45–13–01(20); *Jones v. Jones*, 310 N.W.2d 753, 755 (N.D.1981). "The existence of an oral contract and the extent of its terms are questions of fact subject to the clearly erroneous standard of review under N.D.R.Civ.P. 52(a)." *RRMC Constr., Inc. v. Barth*, 2010 ND 60, ¶ 7, 780 N.W.2d 656 (quoting *WFND, LLC v. Fargo Marc, LLC*, 2007 ND 67, ¶ 38, 730 N.W.2d 841). "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, after reviewing all of the evidence, we are left with a definite and firm conviction a mistake has been made." *Sterling Dev.*

*Grp. Three, LLC v. Carlson*, 2015 ND 39, ¶ 7, 859 N.W.2d 414. "The trial court determines the witnesses' credibility and we will not second-guess the court's credibility determinations." *Chornuk v. Nelson*, 2014 ND 238, ¶ 10, 857 N.W.2d 587.

[¶ 9] The testimony of Pegg and Kohn was diametrically opposed. Kohn testified he did not agree to give Pegg an ownership interest in Kohn Electric and told Pegg he would consider making Pegg a partner only after Pegg had worked for Kohn Electric for two years. Kohn testified that Pegg's $9,152.49 in purchases for the pickup, tools and equipment were done without his knowledge or consent and in violation of his express directives to Pegg to not spend his own money on behalf of Kohn Electric. The district court, however, accepted Pegg's contrary testimony:

"Pegg's testimony that Kohn agreed to pay Pegg 10% of Kohn Electric's gross billings on the Sungold account is more credible than Kohn's testimony that no such agreement was made for the following reasons:

"A.  Kohn testified he asked Pegg to work for Kohn Electric. Kohn knew Pegg had a longstanding relationship with Sungold, and that the Sungold account would provide substantial revenue.

"B.  Kohn's testimony that Pegg agreed to change jobs from an established company (Enterprise) to a start-up (Kohn Electric) for exactly the same compensation that Pegg was being paid at Enterprise, without any other incentive, was unconvincing.

"C.  Kohn's testimony that Pegg spent nearly $10,000 of his own money for the benefit of Kohn Electric in violation of Kohn's express orders not to do so also

was unconvincing. Pegg's expenditures were consistent with his testimony as to the agreement between him and Kohn. Further, Kohn could not offer a convincing explanation as to why he made no attempt to pay Pegg back until after Pegg filed this suit."

[¶ 10] We conclude the district court's finding a partnership agreement existed and "the parties orally agreed that Pegg would receive 10% of Kohn Electric's gross billings to Pegg's captive client Sungold in addition to his hourly wage, in exchange for Pegg making a $10,000 capital contribution to Kohn Electric" is not clearly erroneous.

### C

[¶ 11] Kohn and Kohn Electric argue the district court erred in concluding Pegg was entitled to damages because Pegg did not pay the entire $10,000 due under the parties' oral agreement. Kohn and Kohn Electric claim the court's reliance on the substantial performance doctrine is incorrect because " 'substantially' performing an obligation is not adequate consideration."

[¶ 12] The substantial performance doctrine is the "rule that if a good-faith attempt to perform does not precisely meet the terms of an agreement or statutory requirements, the performance will still be considered complete if the essential purpose is accomplished, subject to a claim for damages for the shortfall." *Black's Law Dictionary* 1657 (12th ed.2014). Contrary to the argument of Kohn and Kohn Electric, it is well settled that a party who substantially performed the duties imposed upon him under a contract may recover for a breach of the contract because substantial performance is sufficient consideration to make the contract binding between the parties. *See, e.g., Curtis Constr. Co., Inc. v. American Steel Span, Inc.,* 2005 ND 218, ¶ 19, 707 N.W.2d 68; *Bismarck Realty Co. v. Folden,* 354 N.W.2d 636, 641 (N.D.1984); *Kruger v. Soreide,* 246 N.W.2d 764, 773 (N.D.1976); *see also United States v. Dura–Lux Int'l Corp.,* 529 F.2d 659, 662–63 (8th Cir.1976) (If "substantial performance was rendered ... the defense of failure of consideration cannot succeed."); *Commercial Recycling Ctr., Ltd. v. Hobbs Indus., Inc.,* 228 P.3d 93, 99 (Alaska 2010) (" 'Failure of consideration is essentially identical to lack of substantial performance.' " (citation omitted)); *Gaede v. SK Invs., Inc.,* 38 S.W.3d 753, 760 (Tex.Ct.App.2001) ("Texas courts have long held that expenditure of time and effort is sufficient consideration to make a unilateral contract binding and enforceable."). "There is no fixed formula by which [substantial performance] can be determined because the word 'substantial', the meat of the doctrine, in this context, is a relative term." *Dittmer v. Nokleberg,* 219 N.W.2d 201, 208 (N.D.1974). " '[W]hether there has been substantial performance of a contract is a question of a fact' " subject to the clearly erroneous standard of review. *Abelmann v. Smartlease USA, L.L.C.,* 2014 ND 227, ¶ 16, 856 N.W.2d 747 (quoting *VND, LLC v. Leevers Foods, Inc.,* 2003 ND 198, ¶ 31, 672 N.W.2d 445).

[¶ 13] Here, the district court found, "Pegg substantially performed his obligations under the oral agreement by purchasing a pickup, tools, and equipment for Kohn Electric with a total value of $9,152.49 from August to October, 2009, and by bringing the Sungold account with him when he went to work for Kohn Electric in July 2009." The court's finding that Pegg substantially performed his obligations under the agreement is supported

by the evidence and is not clearly erroneous.

### III

[¶ 14]   The judgment is affirmed.

[¶ 15]   GERALD W. VANDE WALLE, C.J., ROBIN A. SCHMIDT, D.J., LISA FAIR McEVERS and DALE V. SANDSTROM, JJ., concur.

[¶ 16] The Honorable ROBIN A. SCHMIDT, D.J., sitting in place of KAPSNER, J., disqualified.