2014 ND 193

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Darrius Cortez PATTERSON, Defendant and Appellant.**

**No. 20140048.**

Supreme Court of North Dakota.

Oct. 28, 2014.

Gary E. Euren, Assistant State's Attorney, Fargo, ND, for plaintiff and appellee.

Benjamin C. Pulkrabek, Mandan, ND, for defendant and appellant.

CROTHERS, Justice.

[¶ 1]   Darrius Cortez Patterson appeals from a criminal judgment after a jury

found him guilty of delivery of cocaine within 1000 feet of a school. Patterson argues the district court should have declared a mistrial because testimony given by a confidential informant and statements made by the State during opening and closing arguments affected his right to a fair trial amounting to obvious error under N.D.R.Crim.P. 52(b). We affirm.

I

[¶ 2] On September 9, 2011, Patterson was the subject of a controlled drug buy conducted by Fargo Police Department using a confidential informant. Patterson was charged with delivery of cocaine near a school. Patterson presented a defense of entrapment. During opening arguments, the State made a statement regarding Patterson's option to present evidence. Later, the confidential informant testified about Patterson's prior drug dealings with her. Defense counsel objected, the objection was sustained and the statement was stricken. During closing arguments, the State referenced Patterson's prior convictions. After testimony from three law enforcement officers, the confidential informant, a forensic scientist and a crime analyst, the jury found Patterson guilty of delivery of cocaine near a school. Patterson appeals.

II

[¶ 3] We generally apply a de novo standard of review "to whether facts rise to the level of a constitutional violation, including a claim that prosecutorial misconduct denied a defendant's due process right to a fair trial." *State v. Pena Garcia,* 2012 ND 11, ¶ 6, 812 N.W.2d 328. However, Patterson did not object to these alleged errors at trial; "thus[,] our review is limited to determining if the prosecutor's conduct prejudicially affected [Patterson's] substantial rights, so as to deprive

him of a fair trial." *State v. Duncan,* 2011 ND 85, ¶ 18, 796 N.W.2d 672 (quoting *State v. Burke,* 2000 ND 25, ¶ 22, 606 N.W.2d 108). "This Court 'exercise[s] our authority to notice obvious error cautiously and only in exceptional circumstances in which the defendant has suffered serious injustice.'" *Duncan,* at ¶ 18 (quoting *State v. Evans,* 1999 ND 70, ¶ 9, 593 N.W.2d 336).

[¶ 4] "An obvious error or defect that affects substantial rights may be considered even though it was not brought to the court's attention." N.D.R.Crim.P. 52(b). When analyzing claims of obvious error, this Court may "notice a claimed error that was not brought to the attention of a trial court if there was (1) error, (2) that is plain, and (3) affects substantial rights." *State v. Clark,* 2004 ND 85, ¶ 6, 678 N.W.2d 765. "In order to affect 'substantial rights,' an error must have been prejudicial, or affected the outcome of the proceeding." *State v. Erickstad,* 2000 ND 202, ¶ 22, 620 N.W.2d 136. "[T]he burden is upon the defendant to show the alleged error was prejudicial." *State v. Jensen,* 2000 ND 28, ¶ 18, 606 N.W.2d 507. Even if the defendant meets his burden of establishing obvious error affecting substantial rights, the determination whether to correct the error lies within the discretion of the appellate court, and the court should exercise that discretion only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *State v. Olander,* 1998 ND 50, ¶ 16, 575 N.W.2d 658 (citations and quotation marks omitted). An alleged error does not constitute obvious error "unless there is a clear deviation from an applicable legal rule under current law." *Id.* at ¶ 14.

III

[¶ 5] Patterson argues the confidential informant's stricken testimony re-

garding Patterson's selling crack cocaine from 2008 to 2011 had such an adverse effect on his substantial right to a fair trial that the trial judge should have ordered a mistrial. Patterson points to the inherent prejudicial effect prior bad act evidence may have on the trier of fact. *See State v. Micko*, 393 N.W.2d 741, 744 (N.D.1986) ("This general rule acknowledges the inherent prejudicial effect such evidence may present to the trier of fact[.]"). The State argues any harm from the confidential informant's testimony was limited and corrected. During the State's direct examination, the confidential informant testified to the following:

"Q. So prior to you and your probation officer going to see the police, had you had some sort of relationship with Darrius Patterson?

A. Yeah, I've known him since—2008 is when I first met him.

Q. Okay. And what was exactly—from 2008 to 2011, what was your relationship with Darrius Patterson?

A. Just purchasing crack cocaine from him.

MR. O'DAY: Objection, Your Honor.

THE COURT: Sustained. You're going to have to—

MR. O'DAY: Move to strike.

THE COURT: It's stricken. Disregard the last testimony. You are going to have to avoid any prior bad acts unless you can notice.

Q. (By Mr. Euren) Did you have any kind of an intimate relationship with Darrius Patterson?

A. No."

The objection to the statement regarding prior bad acts was sustained under Rule 404(b) of the North Dakota Rules of Evidence. Rule 404(b), N.D.R.Ev. (2008), provides:

"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. However, it may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial."

[¶ 6] Patterson argues the State did not comply with the notice requirement of Rule 404(b) and the court cannot cure the State's introduction of prior bad acts when the notice requirement is not met. He argues the notice requirement of Rule 404(b) is a substantial right that protects the defendant from the admission of prior bad acts evidence without notice. Patterson further argues the confidential informant's statement regarding his prior bad acts had such an adverse effect on his right to a fair trial that the court should have ordered a mistrial.

[¶ 7] Assuming the informant's answer was improper, we analyze Patterson's argument that failure to declare a mistrial was obvious error. "[E]rror under [Rule 404(b) ] is subject to a harmless error analysis." *State v. Stewart*, 2006 ND 39, ¶ 17, 710 N.W.2d 403; *State v. Thompson*, 552 N.W.2d 386, 390 (N.D.1996). Reversal of a conviction is warranted only if the admitted testimony is "so prejudicial that substantial injury occurred" and absent the error "a different decision would have resulted." *Thompson*, at 390 (citations omitted). In *State v. Trout*, this Court stated, "If independent evidence exists which could lead the trier of fact to the same result, we consider the admission of

prior bad acts to be harmless error." 2008 ND 200, ¶ 8, 757 N.W.2d 556; *see State v. Dieterle,* 2013 ND 130, ¶ 13, 833 N.W.2d 473 (explaining failure to satisfy the notice requirement did not amount to harmless error because sufficient evidence supported conviction independent of evidence of the prior bad acts).

[¶ 8] Here, the district court did not permit testimony regarding Patterson's prior bad acts into evidence. The statement regarding Patterson's prior bad acts, selling cocaine to the confidential informant, was stricken and the jury was instructed to disregard the testimony. "A jury is generally presumed to follow instructions, and a curative instruction to disregard certain evidence is generally sufficient to remove improper prejudice." *State v. Hernandez,* 2005 ND 214, ¶ 24, 707 N.W.2d 449.

[¶ 9] Even if the jury considered Patterson's alleged prior bad acts, the statement did not increase or change the material evidence the jury had before it regarding Patterson's alleged criminal conduct. *See State v. Demery,* 331 N.W.2d 7, 12 (N.D.1983). Testimony from three law enforcement officers, testimony from the confidential informant and physical evidence support the jury's verdict. In contrast, the statement to which Patterson objected occurred in isolation during trial. *See Duncan,* 2011 ND 85, ¶ 24, 796 N.W.2d 672. Patterson failed to establish the confidential informant's statement regarding Patterson's prior bad acts had such an adverse effect on his right to a fair trial that the trial judge should have ordered a mistrial because of the district court's curative instruction, the other evidence against Patterson and the overall lack of proof of substantial prejudice.

IV

[¶ 10] Patterson argues the State's rebuttal closing argument mentioning Patterson's criminal record in violation of Rule 404(b), N.D.R.Ev., affected his right to a fair trial and required a mistrial. The State argues the statements were neither fundamental error nor prejudicial. In the State's closing rebuttal, the prosecutor stated:

"The State accepts the burden of beyond a reasonable doubt. Mr. Patterson's liberty here is at stake. If you find him guilty, the probability is he's going to go to prison. There's at least another conviction on his record for sure if you find him guilty. That's not the point. The point is what's the evidence. Look at the evidence...."

[¶ 11] While it is true, "[a] prosecutor's 'improper suggestions, insinuations, and, especially, assertions of personal knowledge are apt to carry much weight against the accused when they should properly carry none[,]'" *State v. Evans,* 1999 ND 70, ¶ 15, 593 N.W.2d 336 (quoting *Berger v. United States,* 295 U.S. 78, 88, 55 S.Ct. 629, 79 L.Ed. 1314 (1935)), "[i]nappropriate prosecutorial comments, standing alone, would not justify a reviewing court to reverse a criminal conviction obtained in an otherwise fair proceeding." *State v. Kruckenberg,* 2008 ND 212, ¶ 20, 758 N.W.2d 427 (citations and quotation marks omitted).

[¶ 12] The prosecutor's statement regarding Patterson's prior conviction was an improper statement. However, Patterson did not object to the State's comment during closing argument. "When a defendant fails to object to alleged [prosecutorial] misconduct, we will not reverse unless the misconduct constitutes obvious error." *State v. Vondal,* 2011 ND 186, ¶ 12, 803 N.W.2d 578.

"[O]ur review is limited to determining if the prosecutor's conduct prejudicially affected [the defendant's] substantial rights, so as to deprive [the defendant] of a fair trial." *State v. Burke*, 2000 ND 25, ¶ 22, 606 N.W.2d 108. "In determining whether a prosecutor's improper statements in closing argument prejudicially affected the defendant's rights, . . . we examine: (1) the cumulative effect of the misconduct; (2) the strength of the properly admitted evidence of guilt; and (3) the curative actions taken by the trial court." *State v. Strutz*, 2000 ND 22, ¶ 23, 606 N.W.2d 886. "In deciding if there was obvious error, we consider the probable effect of the prosecutor's improper comments on the jury's ability to judge the evidence fairly." *Evans*, 1999 ND 70, ¶ 9, 593 N.W.2d 336.

[¶ 13] "Claims of improper argument are generally not grounds for reversal because it is presumed the jury will follow the trial court's admonition and disregard improper statements." *Pena Garcia*, 2012 ND 11, ¶ 10, 812 N.W.2d 328. Here, during the defense's closing argument, the district court admonished the jurors:

> "However, I will reiterate to the jury if counsel or I make any comments or statements concerning the evidence which you are not—which you find are not warranted by the evidence, you should wholly disregard those statements and rely upon your own recollection or observation. If counsel make any statements as to the law which are not warranted by my instructions, you should wholly disregard those statements."

The district court jury instructions explicitly stated the "opening statement and closing arguments of counsel . . . are not evidence." The jury instructions also provided:

> "[T]he argument or other remarks of an attorney . . . must not be considered by you as evidence.
>
> "If counsel or I have made any comments or statements concerning the evidence which you find are not warranted by the evidence, you should wholly disregard them and rely upon your own recollection or observation."

[¶ 14] Any prejudice from the prosecutor's rebuttal closing argument was minimized by the jury instructions. The cumulative effect of the State's misconduct was not so great as to prejudice Patterson's rights, given the strength of the properly presented evidence of Patterson's guilt. We have reviewed the transcript of Patterson's trial and are unable to conclude the State's rebuttal closing argument denied the defendant a fair trial. We conclude the district court did not obviously err by failing to grant a mistrial due to the prosecutor's improper remarks.

V

[¶ 15] Patterson argues the State's comment during opening statements amounted to obvious error under Rule 52(b), N.D.R.Crim.P., and required a mistrial. During opening statements, the State explained:

> "Quite often the defense case has to do with simply cross-examination of the State's witnesses, but they do have the right to present testimony and evidence itself also. And, again, I ask you to listen carefully, number one. But, also, don't make up your minds until all the witnesses and all the evidence have been presented and the Judge reads the finals instructions and sends you off to deliberate. At that point in time you can start sifting through things, start making decisions as to what you believe actually happened. Before that any witness can come up and contradict or give a slightly

different story. So don't make up your mind ahead of time. We're asking you to be fair and impartial throughout the process."

Patterson argues that while this statement is legally correct, it is misleading to the jury. The jury instructions provided, "If counsel have made any statements as to the law which are not warranted by these instructions, you should wholly disregard those statements." "[W]e presume the jury followed the court's instructions." *Pena Garcia*, 2012 ND 11, ¶ 10, 812 N.W.2d 328. Therefore, the court's instructions cured any error and any possible prejudice.

[¶ 16] Patterson also admits the opening statement by itself would not be enough to declare a mistrial; however, when considered with the confidential informant's stricken testimony and the State's closing rebuttal arguments, enough prejudice exists to declare a mistrial. "In assessing the possibility of error concerning substantial rights under Rule 52(b), it is necessary to examine the entire record and the probable effect of the actions alleged to be error in light of all the evidence." *State v. Kraft*, 413 N.W.2d 303, 307 (N.D.1987). In deciding whether error is harmful, we examine the entire record and evaluate the error in the context of the circumstances to determine if it had a significant impact upon the jury's verdict. *Demery*, 331 N.W.2d at 12. On this rec-

ord, we cannot say these errors had a significant impact on the jury's decision. Our determination in this case considered the strength of the evidence against Patterson. *See id.* We conclude Patterson has not shown the State's opening statements and closing arguments, even coupled with the stricken testimony, caused him serious injustice or prejudicially affected his substantial right to a fair trial because of the strength of the case against him and the curative instructions given by the district court.

VI

[¶ 17] Having reviewed the record for obvious error, we conclude Patterson failed to establish obvious error existed that affected his right to a fair trial or required a mistrial. Patterson is not entitled to a reversal of his conviction or a new trial. We affirm the criminal judgment.

[¶ 18] GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.