# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 157

State of North Dakota,                                               Plaintiff and Appellee

v.

Lorenzo Traveras Pemberton,                                  Defendant and Appellant

Nos. 20180414 & 20180415

Appeal from the District Court of Stark County, Southwest Judicial District, the Honorable William A. Herauf, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Justice.

Brittney A. Bornemann, Assistant State's Attorney, Dickinson, ND, for plaintiff and appellee.

Scott O. Diamond, Fargo, ND, for defendant and appellant.

**State v. Pemberton**

**Nos. 20180414 & 20180415**

**Jensen, Justice.**

[¶1]    Lorenzo Traveras Pemberton appeals from a district court's criminal judgment entered after a jury found him guilty of aggravated assault, interference with an emergency call, felonious restraint, attempted murder, and child neglect.  Pemberton argues the district court erred in granting the State's motion to amend the criminal information one week before trial, the jury was provided improper instructions, the jury was provided with an improper verdict form, and the district court failed to properly admonish the jury before each break in the trial proceedings.  We affirm.

I.

[¶2]    Pemberton was part of an incident involving his girlfriend, which occurred during the night of February 22 and extended into February 23, 2018.  During the incident, Pemberton and the victim's argument escalated and the victim eventually placed a 911 emergency call.  Following the call, the argument became physical and Pemberton is alleged to have struck the victim and pushed her to the ground.  While they were struggling on the ground, the victim saw a screwdriver on the floor, picked it up, and is alleged to have struck Pemberton with the screwdriver.  Pemberton obtained control of the screwdriver from the victim and struck her with it.  Eventually law enforcement arrived at the scene, and Pemberton was taken into custody and placed under arrest.

[¶3]    Pemberton was initially charged with aggravated assault, interference with an emergency call, and felonious restraint.  On March 15, 2018, the State added charges of attempted murder and child neglect in a separate criminal file.  The criminal information containing the allegation of attempted murder alleged Pemberton "intentionally engaged in conduct which, in fact, constituted a step towards the commission of the crime of murder, when the Defendant attempted to cause the death of another human being under circumstances manifesting extreme indifference to the

1

value of human life." The language used for the attempted murder charge mirrored the language used to define murder under N.D.C.C. § 12.1-16-01(1)(b).

[¶4] In *Dominguez v. State*, this Court held attempted murder under N.D.C.C. §§ 12.1-06-01 and 12.1-16-01(1)(b), is not a cognizable offense. 2013 ND 249, ¶ 22, 840 N.W.2d 596. *See also Coppage v. State*, 2014 ND 42, ¶¶ 27-28, 843 N.W.2d 291. In *Dominguez*, the defendant argued an individual cannot have the specific intent to commit the general intent crime of murder under circumstances manifesting an extreme indifference of human life. *Dominguez*, at ¶ 9. Because the attempt statute requires the specific intent to complete the underlying crime, but extreme indifference murder results in an unintentional death, this Court held there is an inconsistency in the elements of the two crimes that is "logically and legally impossible to rectify." *Id.* at ¶ 13. Attempted murder under N.D.C.C. § 12.1-06-01, using the definition of murder under N.D.C.C. § 12.1-16-01(1)(b), is not a cognizable offense. *Id.* at ¶ 22.

[¶5] On May 7, 2018, the district court conducted a preliminary hearing on the felony charges. At the conclusion of the hearing, the court found there was probable cause to support all of the charges, including the attempted murder charge.

[¶6] On August 22, 2018, one week prior to the trial, the State filed a motion to amend the criminal information. The State sought to amend the charge of attempted murder by striking the language alleging "the Defendant attempted to cause the death of another human being under circumstances manifesting extreme indifference to the value of human life," and replacing it with the allegation that, "the Defendant attempted to intentionally or knowingly cause the death of another human being." The district court allowed the State's requested amendment. One day before the trial began, the State filed a single amended criminal information alleging the five charges, including the amended attempted murder charge.

[¶7] Pemberton was found guilty of the five charges after a jury trial. On appeal, Pemberton argues the district court committed reversible error by: (1) finding probable cause existed for the attempted murder charge at the preliminary hearing, (2) allowing the State to add additional criminal charges the day before the jury trial, (3)

2

giving confusing and unreliable jury instructions, (4) providing the jury with an improper verdict form, and (5) failing to properly admonish the jury, as required by N.D.C.C. § 29-21-28.

II.

[¶8]    Pemberton concedes none of the issues he has raised on appeal were the subject of an objection in the district court, and the appropriate standard of review for the issues on appeal is a review for obvious error.  This Court has previously noted that "issues not raised at trial will not be addressed on appeal unless the alleged error rises to the level of obvious error under N.D.R.Crim.P. 52(b)." *State v. Lott*, 2019 ND 18, ¶ 8, 921 N.W.2d 428.  This Court's obvious error standard is well established:

> To establish obvious error, the defendant has the burden to demonstrate plain error which affected his substantial rights.  To constitute obvious error, the error must be a clear deviation from an applicable legal rule under current law.  There is no obvious error when an applicable rule of law is not clearly established.

*Id*. (quoting *State v. Tresenriter*, 2012 ND 240, ¶ 12, 823 N.W.2d 774).

[¶9]    When asserting a claim of obvious error, a defendant must show:  (1) error; (2) that is plain; and (3) the error affects the defendant's substantial rights.  *State v. Wangstad*, 2018 ND 217, ¶ 14, 917 N.W.2d 515.  "We exercise our power to consider obvious error cautiously and only in exceptional situations where the defendant has suffered serious injustice."  *State v. Glass*, 2000 ND 212, ¶ 4, 620 N.W.2d 146 (internal quotation marks omitted).  "When analyzing obvious error, we examine the entire record for the probable effect of the alleged error in light of all the evidence." *Wangstad*, at ¶ 14.  This Court has also noted the following regarding obvious error:

> Even if the defendant meets his burden of establishing obvious error affecting substantial rights, the determination whether to correct the error lies within the discretion of the appellate court, and the court should exercise that discretion only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings.  An alleged error does not constitute obvious error unless there is a clear deviation from an applicable legal rule under current law.

*State v. Patterson*, 2014 ND 193, ¶ 4, 855 N.W.2d 113 (citations omitted).

III.

[¶10] Pemberton argues the district court finding probable cause existed for the original attempted murder charge at the preliminary hearing was reversible error. His argument begins with a reference to our prior holding in *Dominguez* that attempted murder under N.D.C.C. § 12.1-06-01, using the definition of murder under N.D.C.C. § 12.1-16-01(1)(b), is not a cognizable offense. *Dominguez,* 2013 ND 249, ¶ 22, 840 N.W.2d 596. He concludes that finding probable cause for a non-cognizable offense is not legally possible.

[¶11] We have previously held that "a district court's decision at a preliminary hearing that probable cause existed to bind a defendant over for trial is rendered moot once the trial is held." *State v. Montplaisir*, 2015 ND 237, ¶ 16, 869 N.W.2d 435. Pemberton was found guilty at trial, and the district court's determination on probable cause made at the preliminary hearing is not appropriate for review on appeal. Therefore, we need not address Pemberton's argument alleging the district court erred in finding probable cause existed to bind him over for trial.

IV.

[¶12] Pemberton argues the district court's decision to grant the State's request to amend the attempted murder charge immediately prior to trial is obvious error. An amendment of a criminal information is governed by N.D.R.Crim.P. 7(e), which reads as follows: "Unless an additional or different offense is charged or a substantial right of the defendant is prejudiced, the court may permit an information to be amended at any time before the verdict or finding." This Court reviews a district court's decision to allow an information to be amended for an abuse of discretion. *State v. Carlson*, 2016 ND 130, ¶ 6, 881 N.W.2d 649. "A district court abuses its discretion if it acts in an unreasonable, arbitrary, or unconscionable manner, if its decision is not the product of a rational mental process leading to a reasoned decision, or if it misinterprets or misapplies the law." *Id.*

[¶13] The attempted murder offense charged under N.D.C.C. § 12.1-16-01(1)(b) in the initial information and the attempted murder offense charged under N.D.C.C. §

4

12.1-16-01(1)(a) in the amended information are different. Murder using the definition of murder under N.D.C.C. § 12.1-16-01(1)(b) requires proof of "an unintentional death from behavior manifesting an extreme indifference to the value of human life." *State v. Borner*, 2013 ND 141, ¶ 18, 836 N.W.2d 383. In contrast, attempted murder using the definition of murder under N.D.C.C. § 12.1-16-01(1)(a) requires proof of intentionally or knowingly attempting to cause a death. *Id*. at ¶¶ 19-20. The culpability elements are different for the two charges.

[¶14] The amendment, which modified the elements, resulted in Pemberton being charged with a different offense. Amendment of an information to charge a different offense is contrary to N.D.R.Crim.P. 7(e) and a misapplication of law. The district court abused its discretion by allowing the amendment.

[¶15] Although the district court abused its discretion and erred in allowing the amendment, because Pemberton failed to object, this Court must review the error under the obvious error standard of review. Pemberton has satisfied the first requirement of establishing an error and, because the error was a clear violation of N.D.R.Crim.P. 7(e), we conclude he has satisfied the second requirement of establishing plain error.

[¶16] Pemberton must also establish the error affects a substantial right. Our consideration of obvious error is undertaken cautiously and only when there are exceptional situations where the defendant has suffered serious injustice. *Glass*, 2000 ND 212, ¶ 4, 620 N.W.2d 146. Pemberton argues the new charge required a preliminary hearing, and he was substantially prejudiced by the absence of a preliminary hearing. He also argues the timing of the different charge, immediately prior to trial, created substantial prejudice because it may have altered his defense.

[¶17] Pemberton's failure to object to the absence of a preliminary hearing results in a waiver of his statutory right to a preliminary hearing and does not constitute a sufficient reason for concluding he was substantially prejudiced. *State v. Foreid*, 2009 ND 41, ¶ 14, 763 N.W.2d 475. The timing of the amendment, immediately prior to trial, is not per se substantially prejudicial as this Court has previously affirmed a

5

trial court's decision to allow the amendment of a complaint a day before trial. *See*, *e.g.*, *Carlson*, 2016 ND 130, ¶ 10, 881 N.W.2d 649. The lack of an objection limits the record, on this direct appeal, with regard to Pemberton's assertion that his defense to one or more of the charges changed as a result of the amendment. In the present case, the amendment did not modify the facts upon which the State sought to prove the attempted murder charge. Our examination of the entire record for the probable effect of the alleged error, in light of all the evidence, does not indicate the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. Pemberton has failed to establish all the requirements to support a claim of obvious error.

V.

[¶18] Pemberton argues the jury instructions provided by the district court were "misleading, confusing and did not adequately inform the jury of the law." In the preliminary instructions to the jury, the court recited all of N.D.C.C. § 12.1-16-01. Under N.D.C.C. § 12.1-16-01, an individual may be guilty of murder in three ways: (a) intentionally or knowingly causing the death of another human being, (b) causing the death of another human being under circumstances manifesting extreme indifference to the value of human life, and (c) felony murder. The charge ultimately sent to the jury was limited to attempted murder under the definition of murder under N.D.C.C. § 12.1-16-01(1)(a)—"attempt[ing] to intentionally or knowingly cause the death of another human being." Pemberton asserts because it is possible the jury convicted him based on attempted murder using the definitions (b) and (c), his conviction must be reversed.

[¶19] Pemberton did not object to the instructions at trial, and this Court's review is limited to whether the jury instructions constitute plain or obvious error. *Wangstad*, 2018 ND 217, ¶ 16, 917 N.W.2d 515; *State v. Martinez*, 2015 ND 173, ¶ 9, 865 N.W.2d 391. To support his claim of obvious error, Pemberton must establish a plain error that affects a substantial right.

6

[¶20]  The instruction Pemberton challenges appeared in the definition section of the preliminary instructions.  Subsequent instructions provided the jury twice with the framework under which Pemberton's actions were to be analyzed.  Under "Count I," the jury was instructed to decide whether Pemberton "attempted to intentionally or knowingly cause the death of another human being" when he stabbed the victim with a screwdriver multiple times in the head.  Later in the instructions, the essential elements for conviction of Pemberton for attempted murder are communicated as "[a]ttempt[ing] to intentionally or knowingly cause the death of another human being."  The two subsequent instructions provided the appropriate statutory language under which the jury was to determine if Pemberton could be convicted of the attempted murder charge.

[¶21]  "Jury instructions must correctly and adequately inform the jury of the applicable law and must not mislead or confuse the jury."  *Martinez*, 2015 ND 173, ¶ 8, 865 N.W.2d 391 (quoting *State v. Pavlicek*, 2012 ND 154, ¶ 14, 819 N.W.2d 521).  This Court reviews the instructions as a whole to determine if they correctly and adequately inform the jury.  *Pavlicek*, at ¶ 14.  Here, the jury was given the correct description of attempted murder twice in the instructions.  While the definitions section contained the broader statutory definition of murder, the instructions clearly directed the jury to consider whether Pemberton attempted to intentionally or knowingly cause the death of another human being.  In reviewing this case to determine whether the jury instruction at issue was obvious error, we conclude the jury instructions as a whole adequately informed the jury of the applicable law and did not mislead or confuse the jury, and therefore did not affect a substantial right.  Pemberton did not establish his claim the jury instructions submitted to the jury created obvious error.

VI.

[¶22]  Pemberton argues because the criminal complaint is referenced in the jury instructions, there is reversible error because the complaint cites the aforementioned non-cognizable attempted murder charge.  The verdict form asked the jury how they

7

found, "With respect to the offense of Attempted Murder set forth in the Criminal Complaint." Pemberton did not object to the verdict form at trial, and our analysis is again limited to obvious error.

[¶23] Pemberton concedes the jurors were not provided with a copy of the complaint or amended information. The attempted murder charge plead in the amended information was provided to the jury in the preliminary instructions. While the verdict form referenced the complaint which plead the non-cognizable offense, the jury was not instructed on the charge in the original complaint and Pemberton has not provided any citation to the record which would indicate the jury was even aware the non-cognizable offense had been plead. Pemberton has not shown how the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. In the absence of evidence showing the error seriously affects the fairness, integrity, or public reputation of judicial proceedings, Pemberton has failed to establish the error affects a substantial right as required under his claim there was obvious error.

VII.

[¶24] Pemberton argues the district court's repeated failure to properly admonish the jury before breaks and adjournment, as required by N.D.C.C. § 29-21-28, should result in reversible error. Again, the lack of objection at trial requires us to consider whether there was obvious error.

[¶25] Under N.D.C.C. § 29-21-28, the district court is required to admonish the jury as follows:

> The jurors also, at each adjournment of the court, whether permitted to separate or required to be kept in charge of officers, must be admonished by the court that it is their duty not to converse among themselves nor with anyone else on any subject connected with the trial, nor to form or express any opinion thereon, until the case is finally submitted to them.

While the district court did not properly admonish the jury under N.D.C.C. § 29-21-28 during breaks and adjournment, the court did inform the jury of the substance of

8

N.D.C.C. § 29-21-28 when it read the preliminary jury instructions to the jury. The court also gave a short form admonishment prior to all breaks.

[¶26] When a defendant fails to object to a short form jury admonition, the error is not considered prejudicial. *See State v. Olson*, 274 N.W.2d 190, 191 (N.D. 1978). When a jury is not admonished properly, the defendant must object or show prejudice, or the faulty admonition is considered harmless error. *State v. Aguero*, 2010 ND 210, ¶ 42, 791 N.W.2d 1; *State v. Ripley*, 2009 ND 105, ¶ 27, 766 N.W.2d 465; *State v. Myers*, 2006 ND 242, ¶ 17, 724 N.W.2d 168. Because Pemberton failed to object to the short form admonishment, we do not consider the error to be prejudicial. Because the error was not prejudicial, Pemberton has failed to establish the error affects a substantial right as required under his claim there was obvious error.

VIII.

[¶27] Pemberton has failed to support his claim that a probable cause finding for a non-cognizable offense, the amendment of the attempted murder charge, the jury instructions, the verdict form, or irregularities in the admonishments given to the jury during trial, were obvious errors requiring reversal of his convictions. We affirm the judgment.

[¶28] Jon J. Jensen
  Jerod E. Tufte
  Daniel J. Crothers
  Gerald W. VandeWalle, C.J.

  I concur in the result.
  Lisa Fair McEvers

9