# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 107

State of North Dakota,                                    Plaintiff and Appellee

v.

Duane Eldene Landrus, Jr.,                              Defendant and Appellant

## No. 20210304

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable David E. Reich, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Crothers, Justice, in which Chief Justice Jensen, and Justices VandeWalle and Tufte joined and Justice McEvers concurred in the result.

Julie A. Lawyer, State's Attorney, Bismarck, ND, for plaintiff and appellee; submitted on brief.

Kiara C. Kraus-Parr, Grand Forks, ND, for defendant and appellant.

**Crothers, Justice.**

[¶1]   Duane Eldene Landrus, Jr. appeals from a criminal judgment for aggravated assault on a correctional officer. Landrus argues the district court erred in instructing the jury on the originally-charged offense after the court allowed the charge to be amended. We reverse and remand.

I

[¶2]   In March 2019, Landrus was instructed to go to the behavior intervention unit while in custody at the state penitentiary. Landrus refused to leave his cell and a team was called to remove him. A sergeant at the penitentiary testified that Landrus choked him after he entered Landrus' cell.

[¶3]   In August 2019, the State charged Landrus under N.D.C.C. § 12.1-17-02(1)(c) with aggravated assault of a correctional officer. In September 2019, the State moved to amend the information, modifying the subdivision of law to N.D.C.C. § 12.1-17-02(1)(a). The district court granted the motion.

[¶4]   Trial took place in June 2021. The district court provided jury instructions listing the essential elements of aggravated assault under the originally-charged subdivision, N.D.C.C. § 12.1-17-02(1)(c). Neither Landrus nor the State objected. The jury convicted Landrus.

II

[¶5]   Landrus concedes the issues raised on appeal were not argued to the district court, so the appropriate standard of review is obvious error.

[¶6]   This Court may consider an obvious error that affects substantial rights even though it was not brought to the district court's attention. N.D.R.Crim.P. 52(b). To establish obvious error, Landrus must demonstrate "(1) error; (2) that is plain; and (3) the error affects the defendant's substantial rights." *State v. Pemberton*, 2019 ND 157, ¶ 9, 930 N.W.2d 125. "We exercise our power to consider obvious error cautiously and only in exceptional situations where the

defendant has suffered serious injustice." *Id.* This Court should correct an error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.*

### III

[¶7]  Landrus argues the district court committed obvious error by instructing the jury on the elements of the originally-charged subdivision of N.D.C.C. § 12.1-17-02. We agree.

[¶8]  "Jury instructions must correctly and adequately inform the jury of the applicable law[.]" *Pemberton*, 2019 ND 157, ¶ 21. Jury instructions are sufficient if, as a whole, they correctly advise the jury of the applicable law, even if part of the instructions, standing alone, may be erroneous. *State v. Olander*, 1998 ND 50, ¶ 18, 575 N.W.2d 658.

[¶9]  Here, the State charged Landrus with aggravated assault under N.D.C.C. § 12.1-17-02(1)(a), but the district court instructed the jury under N.D.C.C. § 12.1-17-02(1)(c). Although both subdivisions relate to aggravated assault, they involve different elements. Subdivision (a) states a person is guilty if the person "[w]illfully causes serious bodily injury to another human being[.]" N.D.C.C. § 12.1-17-02(1)(a). Subdivision (c) states a person is guilty if the person "[c]auses bodily injury or substantial bodily injury to another human being while attempting to inflict serious bodily injury on any human being[.]" N.D.C.C. § 12.1-17-02(1)(c). Thus, the jury was not advised of the applicable law.

[¶10] Deviation from an applicable legal rule constitutes an "error." *Olander*, 1998 ND 50, ¶ 14. A "plain" error is a "clear" or "obvious" deviation from current law. *Id.* Instructing the jury on the wrong subdivision of law is an obvious deviation from an applicable legal rule. *See id.*

[¶11] This Court next must determine whether the plain error affected Landrus' substantial rights. *Pemberton*, 2019 ND 157, ¶ 9. "In order to affect 'substantial rights,' an error must have been prejudicial, or affected the

2

outcome of the proceeding." *State v. Patterson*, 2014 ND 193, ¶ 4, 855 N.W.2d 113.

[¶12] Due process protects a criminal defendant from conviction except upon proof beyond a reasonable doubt of every element of the charged offense. *Olander*, 1998 ND 50, ¶ 19. Here, Landrus was charged with causing serious bodily injury, but he was convicted of attempting to inflict serious bodily injury. *Compare* N.D.C.C. § 12.1-17-02(1)(a) *with* N.D.C.C. § 12.1-17-02(1)(c). Because the jury was instructed on the elements of subdivision (c), it did not find every element of subdivision (a), the charged offense. We conclude this affected Landrus' substantial rights, and the district court committed obvious error.

[¶13] Whether to correct an obvious error lies within this Court's discretion. *Pemberton,* 2019 ND 157, ¶ 9. Sustaining a conviction based on jury instructions that did not require findings on every essential element of the charged crime violated due process. *Olander*, 1998 ND 50, ¶ 19. Therefore, the failure to correct this error would seriously affect the fairness, integrity, and public reputation of criminal proceedings. We reverse and remand for a new trial using jury instructions consistent with the crime charged.

IV

[¶14]  We have considered the remaining issues and arguments raised by the parties and find them to be either unnecessary to our decision or without merit. We reverse and remand.

[¶15]  Jon J. Jensen, C.J.
　　　Gerald W. VandeWalle
　　　Daniel J. Crothers
　　　Jerod E. Tufte

　　　I concur in the result.
　　　Lisa Fair McEvers

3