# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 6

State of North Dakota,                                          Plaintiff and Appellee

v.

De'Jonte Lavon Smith,                                          Defendant and Appellant

## No. 20220063

Appeal from the District Court of Williams County, Northwest Judicial District, the Honorable Paul W. Jacobson, Judge.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Opinion of the Court by VandeWalle, Justice.

Nathan K. Madden, Assistant State's Attorney, Williston, ND, for plaintiff and appellee; submitted on brief.

Scott O. Diamond, Fargo, ND, for defendant and appellant; submitted on brief.

**VandeWalle, Justice.**

[¶1]   De'Jonte Smith appealed from a criminal judgment entered after a jury found him guilty of reckless endangerment and tampering with physical evidence. We affirm the conviction for reckless endangerment, concluding the district court did not err by failing to include a self-defense jury instruction. We reverse the felony conviction for tampering with physical evidence, concluding the omission of an essential element of the tampering charge was an obvious error and there was insufficient evidence that Smith substantially obstructed, impaired, or perverted prosecution for a felony. We remand for the district court to enter a judgment of acquittal on the charge of tampering with physical evidence.

I

[¶2]   In 2019, Smith was charged with attempted murder, reckless endangerment, and tampering with physical evidence related to a shooting that occurred at Outlaws' Bar and Grill (Outlaws) in Williston. The State alleged Smith shot another person multiple times outside Outlaws; Smith fired one or more shots in the direction of Outlaws, which was occupied at the time; and Smith removed or concealed a gun, clothing, or personal electronics from the scene of the shooting.

[¶3]   The district court held a jury trial. The jury found Smith was guilty of reckless endangerment and tampering with physical evidence, but not guilty of attempted murder. The district court sentenced Smith to five years in prison on both the charges of reckless endangerment and tampering with physical evidence, with the sentences to run concurrently. A criminal judgment was entered.

II

[¶4]   Smith argues the district court erred by failing to instruct the jury that the non-existence of self-defense was an essential element of the charge of

reckless endangerment. He contends the issue of self-defense was raised during the trial, the court determined sufficient evidence was presented to support a self-defense claim, and the jury was instructed that the non-existence of self-defense was an essential element of the charge of attempted murder. He claims that the same factual basis existed for the charges of attempted murder and reckless endangerment and, therefore, a self-defense instruction should have been given for the reckless-endangerment charge.

[¶5]   Smith concedes he did not argue this issue to the district court and contends the alleged error is an obvious error. Under N.D.R.Crim.P. 52(b), we may consider an obvious error that affects substantial rights even though the issue was not brought to the district court's attention. *See State v. Landrus*, 2022 ND 107, ¶ 6, 974 N.W.2d 676; *see also State v. Dahl*, 2022 ND 212, ¶ 11 (stating obvious error provides a narrow exception to the rule that issues may not be raised for the first time on appeal). To establish an obvious error, the defendant must show: "(1) error; (2) that is plain; and (3) the error affects the defendant's substantial rights." *Landrus*, at ¶ 6 (quoting *State v. Pemberton*, 2019 ND 157, ¶ 9, 930 N.W.2d 125). "We exercise our power to consider obvious error cautiously and only in exceptional situations where the defendant has suffered serious injustice." *Landrus*, at ¶ 6 (quoting *Pemberton*, at ¶ 9). We have discretion in deciding whether to correct an obvious error, and we "should exercise that discretion only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Pemberton*, at ¶ 9 (quoting *State v. Patterson*, 2014 ND 193, ¶ 4, 855 N.W.2d 113).

[¶6]   The district court determined there was sufficient evidence presented to support a self-defense claim. The jury was given a general instruction about self-defense, stating:

> Evidence has been presented that the Defendant acted in self-defense. The State must prove beyond a reasonable doubt, as an additional element of the offense charged, that the Defendant was not acting in self-defense. The Defendant does not have the burden of proof as to this defense. If the State has failed to prove beyond a reasonable doubt that the Defendant did not act in self-defense, the defendant is entitled to a verdict of not guilty.

The jury was instructed that the essential elements of the charge of attempted murder included, "[T]he Defendant did not act in self-defense." Unlike the instruction for the charge of attempted murder, the reckless-endangerment jury instruction did not include that the non-existence of self-defense was an essential element.

[¶7] Smith submitted proposed jury instructions and requested the essential elements of the charge of attempted murder include that he did not act in self-defense, but he did not request the court include the same language in the instruction on reckless endangerment. The district court gave the instructions Smith requested on reckless endangerment. Smith did not object to the instruction on reckless endangerment or request any additional instruction at trial.

[¶8] We have said, "It is a cardinal rule of appellate review that a party may not challenge as error a ruling or other trial proceeding invited by that party." *State v. Houle*, 2022 ND 96, ¶ 7, 974 N.W.2d 401 (quoting *State v. Rende*, 2018 ND 56, ¶ 9, 907 N.W.2d 361). Obvious error review under N.D.R.Crim.P. 52(b) does not apply to waived or invited errors. *State v. Gaddie*, 2022 ND 44, ¶ 4, 971 N.W.2d 811. Smith may not seek reversal of an error he waived or invited. He requested the instruction on reckless endangerment that was given, and he never objected to the instruction or requested additional language. Because Smith requested and agreed to the instruction, the error was waived. *See Houle*, at ¶ 7 (holding defendant may not seek reversal for an alleged error in a jury instruction when court gave the instruction he requested); *see also Rende*, at ¶ 10 (holding defendant waived alleged error with jury instruction by failing to propose instruction with missing element and failing to object to instructions given). Smith invited any error related to the instruction on reckless endangerment, and he may not now seek reversal for an error he invited.

### III

[¶9] Smith argues the district court erred by failing to instruct the jury on the essential elements of the offense of tampering with physical evidence.

[¶10] Jury instructions must correctly and adequately inform the jury of the law. *Landrus*, 2022 ND 107, ¶ 8. We review jury instructions as a whole to determine whether they adequately and correctly inform the jury of the law. *Id*. The instructions are sufficient if, as a whole, they correctly advise the jury of the law, even if part of the instructions, standing alone, may be erroneous. *Id*.

[¶11] Section 12.1-09-03, N.D.C.C., provides for the offense of tampering with physical evidence, stating:

> 1. A person is guilty of an offense if, believing an official proceeding is pending or about to be instituted, or believing process, demand, or order has been issued or is about to be issued, he alters, destroys, mutilates, conceals, or removes a record, document, or thing with intent to impair its verity or availability in such official proceeding or for the purposes of such process, demand, or order.
> 2. The offense is a class C felony if the actor substantially obstructs, impairs, or perverts prosecution for a felony. Otherwise it is a class A misdemeanor.

Under the plain language of the statute, the essential elements of the felony level tampering offense include that the actor substantially obstructs, impairs, or perverts prosecution for a felony. The State must prove that element beyond a reasonable doubt for a jury to convict a defendant of the felony level tampering offense. *See* N.D.C.C. § 12.1-09-03(2); N.D.J.I. Crim. No. K–15.02 (2019).

A

[¶12] Smith asserts tampering with physical evidence is a misdemeanor offense unless the State proves the defendant's actions substantially impaired or obstructed the prosecution of a felony, in which case the offense is a felony. Smith claims he was charged with and convicted of felony tampering, but the jury was not instructed that it needed to find he substantially obstructed or impaired the prosecution of a felony. Smith did not argue to the district court that the jury instruction on tampering with physical evidence did not include

4

all of the essential elements, and therefore review of the alleged error is limited to review for obvious error.

[¶13] Here, the State charged Smith by complaint with felony tampering with physical evidence, alleging:

> On or about the 3rd day of May, 2019, in the County of Williams, [De'Jonte Lavon Smith] committed the offense of: <u>TAMPERING WITH PHYSICAL EVIDENCE, Class C Felony,</u> in violation of Section 12.1-09-03 NDCC, committed as follows, to-wit:
>> De'Jonte Lavon Smith, believing that an official proceeding is pending or about to be instituted, altered, destroyed, mutilated, concealed, or removed a record, document, or thing with the intent to impair its verity or availability in such official proceeding, to-wit: De'Jonte Lavon Smith removed and/or concealed a 9mm pistol and/or clothing and/or personal electronics from the scene of [the shooting].

An information and amended information were also filed, both included similar language, and neither included an allegation that Smith substantially obstructed, impaired, or perverted the prosecution of a felony.

[¶14] At trial, the district court instructed the jury on the charge of tampering with physical evidence, stating:

> A person who, believing that an official proceeding is pending or about to be instituted, alters, destroys, mutilates, conceals, or removes a record, document, or thing with intent to impair its true form or availability in such official proceeding is guilty of tampering with physical evidence.

> ESSENTIAL ELEMENTS:
> The State's burden of proof is satisfied if the evidence shows, beyond a reasonable doubt, the following essential elements:
> 1. On or about May 3, 2019;
> 2. in Williams County, North Dakota;
> 3. the Defendant, De'Jonte Smith;
> 4. believed an official proceeding was pending or about to be instituted;

5. altered, destroyed, mutilated, concealed, or removed a record, document, or thing, and;
6. intended to impair its true form or availability in such official proceeding.

The instruction did not include that the jury had to find Smith's acts substantially obstructed, impaired, or perverted prosecution for a felony. The jury instructions omitted an essential element of the felony level offense of tampering with physical evidence.

[¶15] The judgment states Smith was found guilty of felony tampering with physical evidence. Smith was sentenced to five years in the custody of the Department of Corrections and Rehabilitation on the tampering charge, which is a sentence for a felony offense. *See* N.D.C.C. § 12.1-32-01(4) (stating the maximum penalty for a class C felony is five years' imprisonment).

[¶16] Smith was charged with and sentenced for felony tampering with physical evidence, but the jury was not instructed on all of the essential elements of the felony offense. Therefore, the jury was not correctly advised of the applicable law. On appeal, the State agreed there was an error and the jury instructions did not include all of the essential elements of the offense listed in the charging documents. Failing to instruct the jury on all of the essential elements of an offense is a plain error. *See Landrus*, 2022 ND 107, ¶ 10; *Rende*, 2018 ND 56, ¶ 7.

[¶17] For a plain error to affect a defendant's substantial rights, the error must have been prejudicial or affected the outcome of the proceeding. *Landrus*, 2022 ND 107, ¶ 11. "Due process protects a criminal defendant from conviction except upon proof beyond a reasonable doubt of every element of the charged offense." *Id.* at ¶ 12. The jury was not instructed on all of the elements of the felony tampering offense, and therefore it did not find every element of the charged offense. Smith's substantial rights were affected, and the district court committed obvious error.

[¶18] We have held, "Sustaining a conviction based on jury instructions that did not require findings on every essential element of the charged crime

violated due process." *Landrus*, 2022 ND 107, ¶ 13. The failure to correct the error in this case would seriously affect the fairness, integrity, and public reputation of criminal proceedings. *See id*. We conclude Smith's conviction for tampering with physical evidence should be reversed. Having concluded the conviction must be reversed, we must determine the proper remedy.

B

[¶19] Smith argues that there was no evidence his actions substantially impaired, obstructed, or perverted the State's prosecution of a felony and that the jury would have never found him guilty of tampering with physical evidence if it had been properly instructed on all of the elements of the charge. He contends the appropriate remedy for the error is reversal of his conviction for tampering with physical evidence and remand with instructions to enter a judgment of acquittal. Smith concedes there was sufficient evidence to find the elements about which the jury was instructed because he admitted after the shooting that he discarded a number of items, but there was no evidence that his actions substantially impaired the subsequent prosecution.

[¶20] To commit the felony level offense of tampering with physical evidence, the defendant's actions must substantially obstruct, impair, or pervert prosecution for a felony. N.D.C.C. § 12.1-09-03(2). "Substantially" is not specifically defined in the statute. In other cases in which we have considered the meaning of "substantial" as used in a criminal statute, we determined it means "considerable in quantity" or "significantly great." *See State v. Barth*, 2001 ND 201, ¶ 19, 637 N.W.2d 369 (discussing the meaning of the word "substantial" in N.D.C.C. § 12.1-08-02); *see also Merriam-Webster's Collegiate Dictionary* 1245 (11th ed. 2020).

[¶21] Here, various witnesses testified about Smith's concealment or removal of evidence. One witness testified he was outside a building in the area of Outlaws at the time of the shooting, he heard the gunshots and saw a person running from the direction of Outlaws, the person dropped something along the sidewalk on the side of a hotel near Outlaws, the person threw an object into a trashcan located at the hotel's foyer, and the person ran to another restaurant in the area. He also testified he told officers what he saw.

[¶22] An officer testified that a person reported that someone threw something in the trashcan at the hotel not long after the person heard the shots fired. Officers testified that they found a gun in the bottom of the trashcan outside the hotel and that a black apron and a pair of black and red headphones were located next to each other in a grassy area on the hotel property.

[¶23] An employee from the other restaurant testified Smith came into that restaurant on the day of the shooting, Smith was in the back area talking with employees, and employees later found an Outlaws work uniform in the bathroom. The restaurant employee also testified police came in later that day and he told a detective they found the Outlaws uniform in the bathroom. An officer testified he executed a search warrant for the restaurant and an Outlaws work shirt was found inside a trashcan in the bathroom. There was testimony Smith was apprehended later that day at a private residence and an employment application for the other restaurant and a pair of light colored pants were found inside the residence.

[¶24] Smith testified that he left Outlaws after the shooting to get somewhere safe and away from the situation and that he planned to turn himself in. He testified he accidentally dropped his headphones as he went by the hotel, he took off his apron because it was slowing him down, and he put the gun in the trashcan because he did not want it on him when he was apprehended by police for fear they would shoot him. Smith testified that he went to the other restaurant because he previously worked there and that he took off his work shirt because he wanted to turn himself in and he did not want to alarm anyone or involve "civilian people." Smith testified he went to the private residence of someone he knows after he left the other restaurant, he was there for a few hours, and he asked a person at the residence to call police because he wanted to turn himself in.

[¶25] The State did not respond on appeal to Smith's argument that there was no evidence his actions substantially impaired or obstructed the prosecution of a felony. The State also did not bring our attention to any evidence in the record that would allow the jury to find Smith's actions substantially impaired, obstructed, or perverted the prosecution of a felony.

[¶26] We have reviewed all of the evidence presented during the trial and on this record, a rational jury could not have found Smith's actions substantially impaired, obstructed, or perverted the prosecution of a felony. "[T]he Double Jeopardy Clause forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding." *Dahl*, 2022 ND 212, ¶ 21 (quoting *Tibbs v. Florida*, 457 U.S. 31, 41 (1982)). We therefore conclude Smith's conviction for the felony of tampering with physical evidence must be reversed, and we remand for the district court to enter a judgment of acquittal.

IV

[¶27] We affirm the criminal judgment in part, reverse in part, and remand.

[¶28] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte