FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
APRIL 4, 2024
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2024 ND 64

State of North Dakota,                                          Plaintiff and Appellee

v.

Brazil Fahim Alameen,                                     Defendant and Appellant

### No. 20230320

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Pamela A. Nesvig, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Isaac O. Lees, Assistant State's Attorney, Bismarck, ND, for plaintiff and appellee.

Kiara C. Kraus-Parr, Grand Forks, ND, for defendant and appellant.

**Jensen, Chief Justice.**

[¶1]   Brazil Fahim Alameen appeals from a district court's criminal judgment, entered following a jury verdict finding him guilty of gross sexual imposition–sexual contact–victim unaware, and gross sexual imposition–sexual act–victim unaware. On appeal, Alameen argues the court erred by not providing the jury an instruction relating to a defense of intoxication, and there was insufficient evidence to support the jury's findings of guilt because the State failed to show Alameen knew or should have known the victim ("D.R.") was unaware. We affirm.

I

[¶2]   On May 1, 2022, officers responded to Sandford Hospital on a report of a sexual assault. Upon arrival they met with the victim D.R. who stated she had been assaulted the night prior by Alameen. While at the hospital, a Bismarck Police Department Detective interviewed D.R. who showed him photos taken the night prior by Alameen and their text message exchange. A sexual assault nurse examiner ("SANE") conducted an examination.

[¶3]   In July 2022, the State charged Alameen with one count of gross sexual imposition N.D.C.C. § 12.1-20-03(2)(c), sexual contact–victim unaware, a class A felony, and one count of gross sexual imposition in violation of N.D.C.C. § 12.1-20-03(1)(c), sexual act–victim unaware, a class A felony. A two-day jury trial was held in June 2023, during which the State provided testimony from D.R., the responding officer, the detective, and the SANE who conducted the examination. Alameen testified on his own behalf.

[¶4]   At the close of the State's case, Alameen made a N.D.R.Crim.P. 29 motion for acquittal, indicating the State failed to prove Alameen would have been "aware of [D.R.'s] unawareness at the time" of the assault. The judge denied the motion. Upon reviewing the final jury instructions, the State requested inclusion of an instruction indicating self-induced intoxication is not a defense. Defense counsel indicated, "Your Honor, [self-induced intoxication is] not being

asserted as a defense. It's not being alleged in any way shape or form." The district court determined it would not include the instruction. The jury later returned unanimous guilty verdicts on both charges.

## II

[¶5]   On appeal, Alameen argues the district court committed reversible error because the jury was not instructed on the defense of intoxication as the jury should have been able to consider he was so intoxicated it would impair his ability to know the victim's condition. Conceding this issue was not raised in the district court, he argues this error rises to the level of obvious error under N.D.R.Crim.P. 52(b).

[¶6]   "Issues not raised at trial will not be addressed on appeal unless the alleged error rises to the level of obvious error under N.D.R.Crim.P. 52(b)." *State v. Edwards*, 2020 ND 200, ¶ 5, 948 N.W.2d 832 (quoting *State v. Pemberton*, 2019 ND 157, ¶ 8, 930 N.W.2d 125). The obvious error standard is well established:

> To establish obvious error, the defendant has the burden to demonstrate plain error which affected his substantial rights. To constitute obvious error, the error must be a clear deviation from an applicable legal rule under current law. There is no obvious error when an applicable rule of law is not clearly established.

*State v. Wickham*, 2020 ND 25, ¶ 4, 938 N.W.2d 141 (quoting *Pemberton*, at ¶ 8). "When asserting a claim of obvious error, a defendant must show: (1) error; (2) that is plain; and (3) the error affects the defendant's substantial rights." *Id.* at ¶ 5 (quoting *Pemberton*, at ¶ 9).

[¶7]   The district court's non-inclusion of an instruction to the jury about intoxication is not an error under our framework for analyzing claims alleging obvious errors. The defense counsel indicated to the court, "[self-induced intoxication is] not being asserted as a defense. It's not being alleged in any way shape or form." Further, the only testimony provided that indicated Alameen had anything to drink was his testimony in which he stated, "I made myself a drink. That's what I normally do when I get off work," and in response

2

to the State's question if he had consumed alcohol with D.R. that night, "Yes, I do." No further testimony was presented suggesting Alameen was so intoxicated that it would impair his ability to have knowledge of D.R.'s condition.

[¶8]   The record provides insufficient evidence to support an assertion the defense of intoxication was even at issue, and falls even further away from an "obvious error." The absence of an instruction relating to a defense of intoxication was not an error.

## III

[¶9]   Alameen argues the jury was presented with insufficient evidence to find that he knew or should have known the victim was unaware of the sexual acts engaged in by Alameen. Specifically, he challenges the proof of whether the victim was unaware. This Court applies the following standard of review for issues of sufficiency of evidence:

> When reviewing challenges to the sufficiency of the evidence this Court, must view the evidence in a light most favorable to the verdict. The conviction rests on insufficient evidence if no rational factfinder could have found the defendant guilty beyond a reasonable doubt. In considering a sufficiency of the evidence claim, we do not weigh conflicting evidence, or judge the credibility of witnesses.

*State v. Geiger*, 2023 ND 222, ¶ 10, 997 N.W.2d 845 (cleaned up).

[¶10] The State charged Alameen in count one with gross sexual imposition in violation of N.D.C.C. § 12.1-20-03(2)(c) and count two gross sexual imposition in violation of N.D.C.C. § 12.1-20-03(1)(c). The two statutes overlap in elements outside of one requiring a sexual act and the other requiring sexual contact.

[¶11] The North Dakota Century Code states a person is guilty under section 12.1-20-03(2)(c), sexual contact–victim unaware, if he:

[E]ngages in sexual contact with another . . . [and] [t]hat person knows or has reasonable cause to believe that the victim is unaware that sexual contact is being committed on the victim.

Whereas a person is guilty under section 12.1-20-03(1)(c), sexual act–victim unaware, if he:

[E]ngages in a sexual act with another . . . [and] [t]hat person knows or has reasonable cause to believe that the victim is unaware that a sexual act is being committed upon him or her[.]

[¶12] Alameen asserts the State failed to prove the victim was unaware of the assault occurring. The State contends proof of whether or not the victim was unaware is not necessary, and the factual determination is whether Alameen knew or should have known the victim was unaware. We need not consider the State's contention. Alameen's argument fails because there was substantial evidence in the record to support a finding that D.R. was unaware of Alameen's criminal conduct. During her testimony, D.R. indicated she has had a Xanax addiction since she was 18, and when she takes too many she blacks out.

[¶13] D.R. testified on the day of the assault, she had taken three Ativan and one Xanax in the morning, another five Ativan and two Ambien that afternoon, and an additional five Ativan and two Ambien that night. On the night of the assault, D.R. testified she received a series of text messages from Alameen who then came to her apartment uninvited. When he arrived, he told her to get up so he could take her to his apartment. D.R. and Alameen stopped at a gas station prior to heading to his apartment where D.R. stated Alameen gave her an additional Xanax with alcohol.

[¶14] D.R. testified after consuming the alcohol and Xanax, she blacked out; the next memory being when she woke up tied to Alameen's bed, naked, looking at the ceiling while Alameen was performing oral sex on her and penetrating her with a vibrator. The next day, D.R. woke up and found she was no longer tied to the bed. When she asked Alameen what occurred, he made statements indicating his knowledge of her lack of awareness, including he "was done having sex with women who wouldn't remember" and "he didn't stick it in because it would have been like rape." This account was further testified to by

4

the SANE and reflected in their examination report which was admitted into evidence.

[¶15] Additionally, the State provided the jury with the photographs taken of D.R. by Alameen on the evening of the assault, depicting D.R. naked and tied to the bed, including zoomed-in versions of these photos focusing on D.R.'s face. Testimony was given by the detective in this case who stated, based on his training and experience, D.R. appeared to be under the influence. He indicated her pupils were constricted and glossy, and redness surrounded them, along with her open mouth, which is very common with depressant use.

[¶16] After viewing the evidence in a light most favorable to the verdict, including presented testimony of the victim, exhibits, and Alameen himself, a rational fact finder could find Alameen guilty beyond a reasonable doubt for the offenses of gross sexual imposition–sexual contact–victim unaware, and gross sexual imposition–sexual act–victim unaware. We conclude Alameen's assertion there was insufficient evidence to support the convictions is without merit.

IV

[¶17]  The absence of a jury instruction on the defense of intoxication was not an error. Sufficient evidence to support the convictions was provided to the jury. We affirm the criminal judgment.

[¶18]  Jon J. Jensen, C.J.
        Daniel J. Crothers
        Lisa Fair McEvers
        Jerod E. Tufte
        Douglas A. Bahr

5