Jensen, Justice.
 

 [¶ 1] William Wallace appeals from a second amended criminal judgment entered after he pleaded guilty to luring minors by computer or other electronic means. We conclude the district court did not substantially comply with N.D.R.Crim.P. 11 when the court failed to inform Wallace of and determine that he understood the five-year mandatory minimum period of probation. We reverse and remand to the district court to allow Wallace to withdraw his plea of guilty and for further necessary proceedings.
 

 I
 

 [¶ 2] In September 2016, the State charged Wallace with luring minors by computer or other electronic means under N.D.C.C. § 12.1-20-05.1, a class C felony. On October 3, 2017, the district court held a change of plea and sentencing hearing. At the hearing Wallace entered an open plea of guilty to the charge. Wallace was sentenced to a five-year prison term, with all but eighteen months suspended, and four years' probation. The criminal judgment was filed on October 5, 2017.
 

 [¶ 3] On October 11, 2017, the State moved the district court to amend the criminal judgment to reduce Wallace's probation to three years. The court filed the first amended criminal judgment with a three-year probation term on November 9, 2017. On December 1, 2017, the State again moved the court to amend the criminal judgment to correct the length of probation to impose the mandatory minimum five-year period of probation required by N.D.C.C. § 12.1-32-06.1(4).
 

 [¶ 4] On December 26, 2017, while the second motion to amend was pending, Wallace filed the first of multiple notices of appeal. On December 28, 2017, these appellate proceedings were stayed to allow the district court an opportunity to consider the second motion to amend the judgment. On March 6, 2018, the district court filed a second amended criminal judgment increasing Wallace's probation by imposing a five-year term of probation consistent with the mandatory minimum period of probation required by N.D.C.C. § 12.1-32-06.1(4). Wallace filed an additional notice of appeal on March 22, 2018.
 

 II
 

 [¶ 5] Wallace argues on appeal, among other things, that he was incorrectly charged, that he was "entrapped" by law enforcement, that the district court erred in denying him court-appointed counsel, that the court erred in amending the criminal judgment, and that the court erred in denying his demand for a change of judge. He also claims he was unaware that by pleading guilty he would be subject to a five-year mandatory minimum period of probation.
 

 [¶ 6] Rule 11, N.D.R.Crim.P., governs pleas and provides the procedural framework for entering pleas. "To be valid, a guilty plea must be entered knowingly, intelligently, and voluntarily."
 
 State v. Trevino
 
 ,
 
 2011 ND 232
 
 , ¶ 6,
 
 807 N.W.2d 211
 
 . "Generally, a defendant who voluntarily pleads guilty 'waives the right to challenge
 non-jurisdictional defects and may only attack the voluntary and intelligent character of the plea.' "
 

 Id.
 

 (quoting
 
 State v. Blurton
 
 ,
 
 2009 ND 144
 
 , ¶ 18,
 
 770 N.W.2d 231
 
 ).
 

 [¶ 7] Under N.D.R.Crim.P. 11, before accepting a guilty plea, the district court must advise the defendant of certain rights, including "any mandatory minimum penalty."
 
 See
 
 N.D.R.Crim.P. 11(b)(1)(H). "The requirement to advise the defendant under N.D.R.Crim.P. 11 is mandatory and binding upon the court."
 
 Sambursky v. State
 
 ,
 
 2006 ND 223
 
 , ¶ 9,
 
 723 N.W.2d 524
 
 . This Court has recognized that " N.D.R.Crim.P. 11 does not require 'ritualistic compliance'; however, a court must 'substantially comply with the rule's procedural requirements' to ensure a defendant is entering a voluntary and intelligent guilty plea."
 
 Trevino
 
 ,
 
 2011 ND 232
 
 , ¶ 8,
 
 807 N.W.2d 211
 
 .
 

 [¶ 8] In its briefing to this Court, the State asserts that the district court went through the N.D.R.Crim.P. 11 colloquy during Wallace's change of plea hearing, that the court determined Wallace had been advised of his rights and waived another reading of his rights, and that the record supports a determination that Wallace's change of plea was knowingly and willfully made. However, the State concedes the record does not disclose whether Wallace was ever informed of or understood the five-year mandatory minimum period of probation imposed by N.D.C.C. § 12.1-32-06.1(4).
 

 [¶ 9] Under N.D.R.Crim.P. 11(b)(1)(H), the district court was required to inform Wallace of
 
 any
 
 mandatory minimum penalty and determine that Wallace understood the mandatory minimum penalty. In
 
 State v. Ballard
 
 ,
 
 2016 ND 8
 
 , ¶ 35,
 
 874 N.W.2d 61
 
 (citation omitted), this Court stated in the context of the Fourth Amendment, "[p]robation, like incarceration, is a form of criminal sanction imposed by a court upon an offender after verdict, finding, or plea of guilty." "Probation is simply one point (or, more accurately, one set of points) on a continuum of possible punishments ranging from solitary confinement in a maximum-security facility to a few hours of mandatory community service."
 

 Id.
 

 ;
 
 but see
 

 Sambursky
 
 ,
 
 2006 ND 223
 
 , ¶ 10,
 
 723 N.W.2d 524
 
 (reiterating prior decisions that the statutory eighty-five percent service requirement imposes a parole condition and not a "mandatory minimum" sentence requiring disclosure under N.D.R.Crim.P. 11(b)(1)(H) );
 
 United States v. Ladue
 
 ,
 
 866 F.3d 978
 
 , 981 (8th Cir.2017) (holding no "mandatory minimum penalty" applied because the statute did not require the court to impose probation; rather it permitted probation only in certain circumstances).
 

 [¶ 10] After a review of the transcript of the change of plea hearing and the two subsequent motions to modify the judgment, we conclude the record does not allow for a determination that Wallace was aware of the mandatory minimum five-year probation term required under N.D.C.C. § 12.1-32-06.1(4) when he entered his plea of guilty. "When the trial court does not advise the defendant of the mandatory minimum sentence in accordance with Rule 11(b)(2), the interests of justice require that the defendant be allowed to withdraw his plea of guilty."
 
 State v. Schweitzer
 
 ,
 
 510 N.W.2d 612
 
 , 616 (N.D. 1994) (quoting
 
 State v. Schumacher
 
 ,
 
 452 N.W.2d 345
 
 , 348 (N.D. 1990) ). We conclude the district court did not substantially comply with N.D.R.Crim.P. 11, and we are therefore compelled to remand this case to the district court to allow Wallace to withdraw his guilty plea. However, we also note the distinction between the imposition of a mandatory period of probation as required by N.D.C.C. § 12.1-32-06.1(4),
 which has compelled the remand in this case, and conditions of probation or collateral consequences resulting from a defendant's sentence.
 
 Davenport v. State
 
 ,
 
 2000 ND 218
 
 , ¶ 10,
 
 620 N.W.2d 164
 
 ("Although a defendant must be informed of all direct consequences of a guilty plea, he need not be advised of collateral consequences.").
 

 III
 

 [¶ 11] Wallace also appealed the district court's denial of his request for indigent defense counsel to represent him in these proceedings. Our review of a district court's decision to deny a defendant court-appointed counsel is limited to determining whether the district court abused its discretion. A district court abuses its discretion when it acts arbitrarily, unconscionably, or unreasonably.
 
 State v. DuPaul
 
 ,
 
 527 N.W.2d 238
 
 , 240 (N.D. 1995).
 

 [¶ 12] We have held that "[t]here is no legal reason to appoint counsel for someone who can afford and obtain his own."
 
 DuPaul
 
 ,
 
 527 N.W.2d at 241
 
 . The right to counsel for those individuals who may not be able to afford their own counsel is governed by N.D.R.Crim.P. 44. "An indigent defendant facing a felony charge in state court is entitled to have counsel provided at public expense to represent the defendant at every stage of the proceeding from initial appearance through appeal." N.D.R.Crim.P. 44(a)(1). Additionally, the district court may appoint counsel for a non-indigent defendant if the defendant cannot retain counsel. N.D.R.Crim.P. 44(a)(3).
 

 [¶ 13] Wallace filed numerous applications for court-appointed counsel. The district court reviewed each of the applications, determined Wallace was not indigent, and denied his request for court-appointed counsel. In denying Wallace's requests for court-appointed counsel, the district court noted Wallace had assets in excess of $20,000; an amount in excess of the guideline amount for determining indigent status. The court further found Wallace transferred approximately $70,000 worth of assets to his son that could have been used to retain private counsel. Wallace also retained two private attorneys during the proceedings in the district court. We conclude the district court did not abuse its discretion in the denial of Wallace's requests to be appointed indigent counsel.
 

 IV
 

 [¶ 14] Wallace argues the district court erred when his demand for a change of judge was denied. Here, the presiding judge for the judicial district reviewed the demand, denied Wallace's request as untimely, and also addressed Wallace's allegation that the assigned judge was biased.
 

 [¶ 15] Demands for a change of judge are governed by N.D.C.C. § 29-15-21. A demand for change of judge is untimely if it is made more than ten days after the earliest of any of the following events:
 

 a. The date of the notice of assignment or reassignment of a judge for trial of the case;
 

 b. The date of notice that a trial has been scheduled; or
 

 c. The date of service of any ex parte order in the case signed by the judge against whom the demand is filed.
 

 N.D.C.C. § 29-15-21(2). Under N.D.C.C. § 29-15-21(5) and (6), a demand for a change of judge is reviewed by the presiding judge of the judicial district where the action is pending. Wallace's demand for a change of judge was untimely and therefore was properly denied by the presiding judge.
 
 See
 

 Rath v. Rath
 
 ,
 
 2017 ND 138
 
 , ¶¶ 11-17,
 
 895 N.W.2d 315
 
 .
 

 [¶ 16] In denying Wallace's demand for a change of judge, the presiding
 judge also thoroughly considered and analyzed Wallace's assertion that the assigned judge was biased. When making a recusal decision, a "judge must determine whether a reasonable person could, on the basis of all the facts, reasonably question the judge's impartiality."
 
 State v. Murchison
 
 ,
 
 2004 ND 193
 
 , ¶ 13,
 
 687 N.W.2d 725
 
 .
 

 The law presumes a judge is unbiased and not prejudiced. We have said a ruling adverse to a party in the same or prior proceeding does not render [a] judge biased so as to require disqualification. The test for the appearance of impartiality is one of reasonableness and recusal is not required in response to spurious or vague charges of impartiality.
 

 Lund v. Lund
 
 ,
 
 2011 ND 53
 
 , ¶ 14,
 
 795 N.W.2d 318
 
 (citations and quotation marks omitted). "Although a judge has a duty to recuse when required by the Code [of Judicial Conduct], a judge also has an 'equally strong duty not to recuse when the circumstances do not require recusal.' "
 
 State v. Jacobson,
 

 2008 ND 73
 
 , ¶ 13,
 
 747 N.W.2d 481
 
 (quoting Center for Professional Responsibility, American Bar Association, Annotated Model Code of Judicial Conduct 187 (2004) ). "A district court's decision on a motion for recusal is reviewed under the abuse of discretion standard."
 
 Rath v. Rath
 
 ,
 
 2013 ND 243
 
 , ¶ 14,
 
 840 N.W.2d 656
 
 . "A court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, its decision is not the product of a rational mental process leading to a reasoned determination, or it misinterprets or misapplies the law."
 
 McGhee v. Mergenthal
 
 ,
 
 2007 ND 120
 
 , ¶ 9,
 
 735 N.W.2d 867
 
 .
 

 [¶ 17] Our prior decisions require the assigned judge to determine whether a reasonable person could, on the basis of all the facts, reasonably question the judge's impartiality. In this instance, the presiding judge properly determined that Wallace's demand for a change of judge was untimely, but further determined the record did not support Wallace's assertion the assigned judge was biased. While, from our review of the record, the presiding judge's determination regarding Wallace's request to disqualify the assigned judge appears appropriate, on remand, the assigned judge, rather than the presiding judge, should consider whether a reasonable person could, on the basis of all the facts, reasonably question the judge's impartiality.
 

 V
 

 [¶ 18] We have considered Wallace's remaining issues and arguments and conclude they are either unnecessary to address or are without merit. We reverse the second amended criminal judgment and remand to the district court to allow Wallace to withdraw his plea of guilty and for any further necessary proceedings.
 

 [¶ 19] Jon J. Jensen
 

 Lisa Fair McEvers
 

 Daniel J. Crothers
 

 Jerod E. Tufte
 

 Gerald W. VandeWalle, C.J.