# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 11

State of North Dakota,                                          Plaintiff and Appellee

v.

Raymond Arthur Christensen,                          Defendant and Appellant

No. 20180156

Appeal from the District Court of Stark County, Southwest Judicial District, the Honorable Rhonda R. Ehlis, Judge.

SENTENCE VACATED AND REMANDED.

Opinion of the Court by McEvers, Justice.

Brittney A. Bornemann, Assistant State's Attorney, Dickinson, ND, for plaintiff and appellee; submitted on brief.

Markus A. Powell, Dickinson, ND, for defendant and appellant.

**McEvers, Justice.**

[¶1]    Raymond Christensen appeals from a criminal judgment and challenges his jail sentence for leaving the scene of an accident involving injury and aggravated reckless driving.  Because the district court substantially relied upon an impermissible factor in sentencing Christensen to jail, we vacate the sentence and remand for resentencing.

I

[¶2]    On April 15, 2017, Christensen was involved in a motor vehicle accident in Stark County.  He was charged with leaving the scene of an accident involving injury in violation of N.D.C.C. § 39-08-04, a class C felony, and aggravated reckless driving in violation of N.D.C.C. § 39-08-03, a class A misdemeanor.  On November 14, 2017, Christensen pled guilty to both charges.  A presentence investigation recommended that Christensen be sentenced to a period of supervised probation by the Department of Corrections.

[¶3]    On February 6, 2018, the district court held a sentencing hearing during which the responding law enforcement officer and the victim's fiancé testified.  The State argued that Christensen should be sentenced to serve time in jail.  Christensen argued he should be sentenced to probation as recommended by the presentence investigation and as required by the presumptive probation statute, N.D.C.C. § 12.1-32-07.4(1). The court found there were no aggravating factors present to avoid presumptive probation under N.D.C.C. § 12.1-32-07.4(2), but questioned whether Christensen's vehicle could be considered a "dangerous weapon," an exception to presumptive probation under N.D.C.C. § 12.1-32-07.4(1).  The court allowed the parties to brief the issue.

[¶4]    The parties' briefs focused on whether Christensen's vehicle was a "dangerous weapon" under this Court's decision in *State v. Vetter*, 2013 ND 4, ¶¶ 1, 4, 826

N.W.2d 334, in which the defendant was charged with and convicted by a jury of aggravated assault with a dangerous weapon consisting of a vehicle and where the jury specifically found that the defendant used a dangerous weapon to inflict injury. Vetter intentionally drove his vehicle toward the victim, continuing to drive forward after he fell, and rolled both front and rear tires over him. *Vetter*, at ¶ 17. This Court held that, depending on how it is used, a vehicle may constitute a "dangerous weapon" as defined in N.D.C.C. § 12.1-01-04(6) for purposes of applying the mandatory minimum sentencing provisions of N.D.C.C. § 12.1-32-02.1, and the jury's finding on the issue was supported by the evidence. *Vetter*, at ¶¶ 4, 15, 16.

[¶5] At the second sentencing hearing held on April 3, 2018, the district court relied on *Vetter* and found "presumptive probation does not apply because there is an exception because the offense involved a dangerous weapon in this case, which was your vehicle." The court sentenced Christensen to three years in jail with all but 360 days suspended for three years followed by supervised probation on the class C felony charge, and a concurrent sentence of 360 days in jail with 360 days suspended for two years after his release from incarceration followed by supervised probation on the class A misdemeanor charge.


II

[¶6] Christensen argues the district court erred in finding he committed a crime while using a dangerous weapon and the court misinterpreted the presumptive probation statute in sentencing him to jail.

[¶7] Our standard for reviewing criminal sentences is well established:

> We have explained that "[o]ur appellate review of a criminal sentence is very limited." *State v. Ennis*, 464 N.W.2d 378, 382 (N.D. 1990).
>> "A trial judge is allowed the widest range of discretion in fixing a criminal sentence; this court has no power to review the discretion of the sentencing court in fixing a term of imprisonment within the range authorized by statute. Appellate review of a criminal sentence is generally confined to whether the [district] court acted within the sentencing limits prescribed

2

by statute, or substantially relied upon an impermissible factor. Statutory interpretation, however, is a question of law fully reviewable on appeal."

*State v. Murphy*, 2014 ND 202, ¶ 15, 855 N.W.2d 647 (quoting *State v. Corman*, 2009 ND 85, ¶ 15, 765 N.W.2d 530).

[¶8]   The presumptive probation statute, N.D.C.C. § 12.1-32-07.4, which requires a sentence of probation unless an exception applies, provides in relevant part:

> 1.   The sentencing court shall sentence an individual who has pled guilty to, or has been found guilty of, a class C felony offense or class A misdemeanor offense to a term of probation at the time of initial sentencing, *except for* an offense involving domestic violence; an offense subject to registration under section 12.1-32-15 [sexual offenders]; *an offense involving a* firearm or *dangerous weapon,* explosive, or incendiary device; or if a mandatory term of incarceration is required by law.

(Emphasis added.)

[¶9]   We give the language of a criminal statute its plain, ordinary and commonly understood meaning. *See State v. Trevino*, 2011 ND 232, ¶ 21, 807 N.W.2d 211.  It is undisputed that this case does not implicate an offense involving domestic violence, sexual offender registration, or mandatory terms of incarceration.  Although the parties offer their varying interpretations of the *Vetter* decision, that case is irrelevant here based on the offenses under which Christensen was charged.  It is clear from the record that Christensen was not charged with, nor did he plead guilty to, any "offense involving a . . . dangerous weapon" under N.D.C.C. § 12.1-32-07.4(1).  *See* N.D.C.C. § 12.1-32-02.1.  The plain language of the presumptive probation statute does not permit a district court to change the nature of an offense to which a defendant has pled guilty to, or been found guilty of, for sentencing purposes.  As a matter of law, the "dangerous weapon" exception to the presumptive probation statute does not apply in this case.

[¶10]   The district court's erroneous conclusion that the dangerous weapon exception applied to negate the requirements of the presumptive probation statute was an impermissible factor substantially relied upon by the court in sentencing Christensen.

3

## III

[¶11]   We do not address other arguments raised because they are either unnecessary to the decision or are without merit.  Because the district court substantially relied upon an impermissible factor in sentencing Christensen to jail, we vacate the sentence and remand for resentencing.

[¶12]   Lisa Fair McEvers
Daniel J. Crothers
Jerod E. Tufte
Jon J. Jensen

I concur in the result.
Gerald W. VandeWalle, C.J.

4