# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

2020 ND 34

State of North Dakota,                                         Plaintiff and Appellee

 v.

Branden Lyle Lyon,                                         Defendant and Appellant

No. 20190164

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Daniel J. Borgen, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Justice.

Julie A. Lawyer, Burleigh County State's Attorney, Bismarck, ND, for plaintiff and appellee.

Kiara C. Kraus-Parr, Grand Forks, ND, for defendant and appellant.

**State v. Lyon**
**No. 20190164**

**VandeWalle, Justice.**

[¶1]   Branden Lyon appealed from an amended criminal judgment sentencing him to life imprisonment with the possibility of parole. Lyon argues there was insufficient evidence to sustain his convictions and the district court erred by not adequately considering the sentencing factors set forth in statute. We affirm.

I

[¶2]   In October 2015, Lyon was charged with attempted murder, terrorizing, terrorizing-domestic violence, and illegal possession of a firearm. These charges stemmed from a 2015 incident during which Lyon barricaded himself in a home and had an extended encounter with police officers. At one point during the encounter, Lyon shot at the police officers who had surrounded the home. A jury found Lyon guilty on all counts.

[¶3]   Prior to trial, the State filed notice and the required supporting documents requesting Lyon be sentenced as a habitual offender under N.D.C.C. § 12.1-32-09. After Lyon was found guilty, a presentence investigation was completed, and a sentencing hearing was held. Without sentencing Lyon as a habitual offender, the district court sentenced Lyon to life imprisonment with the possibility of parole for the attempted murder conviction. The district court later entered an amended criminal judgment finding Lyon was a habitual offender. Lyon appealed his sentence, and this Court concluded Lyon's sentence was illegal because, without sentencing Lyon as a habitual offender, the maximum penalty Lyon could have received for the attempted murder charge was twenty years imprisonment. *State v. Lyon*, 2019 ND 21, ¶ 11, 921 N.W.2d 441. We reversed the amended criminal judgment and remanded to the district court for resentencing. *Id.* at ¶ 12.

[¶4]   A second sentencing hearing was held in April 2019. A different judge presided over the second hearing than the first. At the beginning of the hearing, the court stated, "The Court, just prior to the hearing, reviewed the

1

opinion of the Supreme Court. I've reviewed the notice and request for special dangerous offender filed by the State. I reviewed 12.1-32-09 special offender statute, reviewed the PSI and the court record." The State and defense counsel proceeded to make arguments on what they believed would be an appropriate sentence under the circumstances. Lyon also informed the court that he had on multiple occasions requested his attorneys have ballistic tests conducted, and had those tests been conducted, they would have shown that Lyon did not shoot towards the police officers. After the conclusion of arguments, the court found Lyon was a habitual offender. In sentencing Lyon the court stated:

> Mr. Lyon, this has been—I understand that you had a very rough childhood from the pre-sentence investigation, but it's been 20 years of spiraling upwards of more and more offenses, and we're getting into three pages.
> I wasn't there or the judge at the trial, but the sentencing judge took all that into consideration when he imposed your sentence. I don't get to sit and reevaluate any of the evidence, the credibility of witnesses or anyone that was called, but the jury found you guilty of attempted murder. Whether the ballistics would have showed a difference or not, not for me to decide.
> What's for me to decide is based on all the evidence that's before the Court at this time, what's the appropriate sentence. The Court has considered that and is going to impose life with the possibility of parole, concurrent with the counts that are not up for remand.

Lyon appealed and argues the court's sentence was, once again, illegal. Lyon also argues there was insufficient evidence to sustain a conviction for attempted murder, which he did not argue or raise in his first appeal.

II

[¶5]   We first consider Lyon's insufficiency of the evidence argument. "The law of the case doctrine applies when an appellate court has decided a legal question and remanded to the district court for further proceedings." *Frisk v. Frisk*, 2006 ND 165, ¶ 14, 719 N.W.2d 332. Under the law of the case doctrine, "[a] party cannot on a second appeal relitigate issues which were resolved by the Court in the first appeal or which would have been resolved had they been

2

properly presented in the first appeal." *State ex rel. N.D. Dep't of Labor v. Riemers*, 2010 ND 43, ¶ 11, 779 N.W.2d 649 (citing *Jundt v. Jurassic Res. Dev., N. Am., L.L.C.*, 2004 ND 65, ¶ 7, 677 N.W.2d 209; *Tom Beuchler Constr., Inc. v. City of Williston*, 413 N.W.2d 336, 339 (N.D. 1987)). Adhering to the law of the case doctrine, this Court has previously declined to address issues raised that were beyond the scope of the remand in the first appeal and that could have been raised in the first appeal. *Baatz v. State*, 2014 ND 151, ¶ 17, 849 N.W.2d 225; *Kortum v. Johnson*, 2010 ND 153, ¶ 10, 786 N.W.2d 702; *see State v. Baltrusch*, 2019 ND 259, ¶ 6, 934 N.W.2d 886; *State v. Gefroh*, 2011 ND 153, ¶ 6, 801 N.W.2d 429 (citing *State v. Duchene*, 2007 ND 31, ¶ 10, 727 N.W.2d 769); *see also State v. Burckhard*, 1999 ND 64, ¶ 7, 592 N.W.2d 523 (applying the mandate rule).

[¶6]   In his first appeal, Lyon did not argue insufficiency of the evidence; he only argued that he received an illegal sentence. We concluded Lyon's sentence was illegal and remanded to the district court for Lyon to be sentenced in accordance with the law. Whether there was sufficient evidence to sustain Lyon's convictions is beyond the scope of the remand ordered by this Court in Lyon's first appeal. Therefore, the law of the case doctrine acts to bar Lyon's argument, and we will not consider whether there was sufficient evidence to sustain his convictions.

III

[¶7]   We next consider Lyon's argument that he again received an illegal sentence on remand. Lyon contends the district court abused its discretion in resentencing him because the court did not adequately analyze the statutory sentencing factors provided in N.D.C.C. § 12.1-32-04. The factors in § 12.1-32-04 "are not controlling of the court's discretion and are not an exclusive list of all the court may consider in sentencing." *State v. Steinbach*, 1998 ND 18, ¶ 24, 575 N.W.2d 193. Although entitled to consideration, the sentencing factors in § 12.1-32-04 do not control the district court's discretion and are not an exclusive list of all a district court may consider in fixing a criminal sentence. *State v. Gonzalez*, 2011 ND 143, ¶ 8, 799 N.W.2d 402 (citing N.D.C.C. § 12.1-32-04; *Steinbach*, at ¶ 24). Furthermore, a district court need not explicitly

reference the factors listed in § 12.1-32-04. *Id.* (citing *State v. Halton*, 535 N.W.2d 734, 739 n.1 (N.D. 1995)).

[¶8]   At the second sentencing, the district court found Lyon to be a habitual offender after the State had properly followed the procedure under N.D.C.C. § 12.1-32-09 and sentenced Lyon to life imprisonment with the possibility of parole. Lyon asserts the court's statement at sentencing that it was not going to reevaluate the evidence presented or the credibility of the witnesses at trial equates to a declination by the court to consider the testimony and evidence submitted at trial to determine Lyon's sentence. However, Lyon takes the district court's statement out of context. Prior to the court issuing his sentence, Lyon pleaded that he did not attempt to murder anyone on the night of the incident, and had his attorneys had a ballistic test performed, as he requested, the ballistic test would have proved he did not shoot at the police officers. The district court's statements that it was not going to reevaluate the evidence presented or the credibility of the witnesses at trial were clearly referencing Lyon's pleas that he did not shoot towards the police officers. Immediately after stating it was not going to reevaluate the evidence or the credibility of witnesses, the court stated, "[T]he jury found you guilty of attempted murder. Whether the ballistics would have showed a difference or not, not for me to decide." The court's statements were to inform Lyon that it was not going to retry the case based on evidence not presented at trial. Its statements cannot be construed to mean the court was reimposing the same sentence as the previous judge without evaluating the evidence.

[¶9]   A more complete review of the sentencing proceedings reveals the district court did consider the evidence and testimony presented at trial and the factors provided in § 12.1-32-04 in determining Lyon's sentence. First, at the beginning of the hearing the court stated it had reviewed this Court's opinion relating to Lyon's initial sentence, the notice and request by the State that Lyon be sentenced as a habitual offender, N.D.C.C. § 12.1-32-09, the presentence investigation report, and the record. Second, the court recognized Lyon had a "very rough childhood" after reviewing the presentence investigation report. And third, the court determined life imprisonment with the possibility of parole was an appropriate sentence "based on all the evidence

4

that's before the Court at this time." From its statements at the sentencing hearing and its familiarity with the record and underlying circumstances, we conclude the court adequately considered the facts of the case and the factors provided in § 12.1-32-04. The district court did not abuse its discretion in sentencing Lyon to life imprisonment with the possibility of parole.

IV

[¶10] The amended criminal judgment is affirmed.

[¶11] Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Jon J. Jensen, C.J.