# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2021 ND 16

State of North Dakota,                                          Plaintiff and Appellee

v.

Nicole Maree Bear King,                                      Defendant and Appellant

### No. 20200254

Appeal from the District Court of Stutsman County, Southeast Judicial District, the Honorable Troy J. LeFevre, Judge.

AFFIRMED.

Per Curiam.

Joseph K. Nwoga, Assistant State's Attorney, Jamestown, ND, for plaintiff and appellee.

Kiara C. Kraus-Parr, Grand Forks, ND, for defendant and appellant.

**Per Curiam.**

[¶1]   Nicole Bear King appeals from a criminal judgment following a trial where a jury found her guilty of terrorizing and domestic violence causing substantial bodily injury. On appeal, Bear King argues the evidence was insufficient to convict her of terrorizing and domestic violence, and that the State did not provide evidence that she was not acting in self-defense. She further argues her sentence was illegal because the record does not indicate the district court considered the sentencing factors under N.D.C.C. § 12.1-32-04.

[¶2]   Viewing the evidence in the light most favorable to the verdict, we conclude sufficient evidence exists that could allow a jury to draw a reasonable inference Bear King was not acting in self-defense and in favor of conviction for terrorizing and domestic violence. Appellate review of a criminal sentence is generally limited to determining whether the judge acted within the limits prescribed by statute or relied substantially upon an impermissible factor. *State v. Clark*, 2012 ND 135, ¶ 18, 818 N.W.2d 739. Section 12.1-32-04, N.D.C.C., states, "[n]othing herein shall be deemed to require explicit reference to these factors in a presentence report or by the court at sentencing." *See State v. Lyon*, 2020 ND 34, ¶ 7, 938 N.W.2d 908 (stating the district court need not explicitly reference the factors under N.D.C.C. § 12.1-32-04). The district court gave Bear King a sentence within statutory limits and was not required to explicitly reference which factors it relied on in fixing her sentence. We summarily affirm under N.D.R.App.P. 35.1(a)(3) and (7).

[¶3]   Jon J. Jensen, C.J.
         Gerald W. VandeWalle
         Daniel J. Crothers
         Lisa Fair McEvers
         Jerod E. Tufte