# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

2023 ND 201

State of North Dakota,                                     Plaintiff and Appellee

    v.

George Anthony Ortiz,                                   Defendant and Appellant

No. 20230126

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Susan L. Bailey, Judge.

AFFIRMED.

Per Curiam.

Ryan J. Younggren, Katie M. Nechiporenko and Nicholas S. Samuelson. Assistant State's Attorneys, Fargo, ND, for plaintiff and appellee; submitted on brief.

Laura C. Ringsak, Bismarck, ND, for defendant and appellant; submitted on brief.

**State v. Ortiz**
**No. 20230126**

**Per Curiam.**

[¶1]   George Ortiz appeals a district court's judgment sentencing him to 55 years of incarceration. Ortiz pleaded guilty to murder with a deadly weapon, a class AA felony. Ortiz argues the court abused its discretion by improperly weighing the statutory sentencing factors, and factors two, three and ten weighed in his favor. We affirm.

[¶2]   A district court retains "broad discretion in sentencing, and our review of a sentence is generally limited 'to whether the court acted within the statutorily prescribed sentencing limits or substantially relied on an impermissible factor.'" *State v. Thomas*, 2020 ND 30, ¶ 17, 938 N.W.2d 897. "A district court abuses its discretion when it acts in an arbitrary, unreasonable, unconscionable, or capricious manner, or if its decision is not the product of a rational mental process leading to a reasoned determination, or if it misinterprets or misapplies the law." *Id.* at ¶ 8.

[¶3]   Sentencing factors "are not controlling of the court's discretion and are not an exclusive list of all the court may consider in sentencing." *State v. Lyon*, 2020 ND 34, ¶ 7, 938 N.W.2d 908. The district court does not need to "explicitly reference" the factors. *State v. Gonzalez*, 2011 ND 143, ¶ 8, 799 N.W.2d 402; *see also State v. Halton*, 535 N.W.2d 734, 739 n. 1 (N.D. 1995) (no explicit reference to the factors is needed); *State v. Steinbach*, 1998 ND 18, ¶ 24, 575 N.W.2d 193 (the sentencing factors are not an exclusive list).

[¶4]   The district court must sentence within the statutorily prescribed limits, which in this case is four years for the minimum mandatory and life without parole for the maximum mandatory. N.D.C.C. § 12.1-32-01(1); N.D.C.C. § 12.1-32-02.1(2)(a). The district court did not abuse its discretion because it acted

within the statutory limits and did not rely on any impermissible factors. We summarily affirm under N.D.R.App.P. 35.1(a)(2) and (4).

[¶5]   Jon J. Jensen, C.J.
          Daniel J. Crothers
          Lisa Fair McEvers
          Jerod E. Tufte
          Douglas A. Bahr