# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 233

State of North Dakota,                                Plaintiff and Appellee

v.

Michael Dean Hamilton,                          Defendant and Appellant

## No. 20230052

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Cynthia M. Feland, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Julie A. Lawyer, State's Attorney, Bismarck, N.D., for plaintiff and appellee.

William Woodworth, Bismarck, N.D., for defendant and appellant.

**Tufte, Justice.**

[¶1]   Michael Dean Hamilton appeals from a criminal judgment entered after he pled guilty to a charge of hindering law enforcement in violation of N.D.C.C. § 12.1-08-03(1)(b). He argues the district court abused its discretion by rejecting his plea agreement and the court substantially relied on impermissible sentencing factors. We affirm the judgment.

I

[¶2]   Hamilton argues the district court abused its discretion by rejecting his plea agreement.

[¶3]   The State charged Hamilton with hindering law enforcement in violation of N.D.C.C. § 12.1-08-03(1)(b), alleging he provided transportation and money to an individual he knew had engaged in the crime of abduction in Virginia.

[¶4]   At a hearing two days before the scheduled trial, the parties presented the district court with a plea agreement. Hamilton pled guilty, and the court asked him to provide the factual basis. After hearing from Hamilton and the State, the court expressed concerns about the factual basis, explaining Hamilton's "recitation of the facts basically tells [the court] [Hamilton] did absolutely nothing wrong." The court found Hamilton's guilty plea was not supported by a sufficient factual basis, explaining, "I'm not taking the guilty plea. We're going to trial on Wednesday. There is not enough even remotely here based on [Hamilton's] admissions for us—for me to take this." The parties then filed a written plea agreement under Rule 43, N.D.R.Crim.P., which included a factual basis for the guilty plea. The district court also rejected this written plea agreement.

[¶5]   A change of plea hearing was held the next day. The district court explained, "Given the nature of the proceedings yesterday, the Court indicated it would not be taking a plea agreement in this case, and then any plea would need to be an open plea." After the court reviewed Hamilton's rights and

explained the procedure for an open plea, he pled guilty to the charge of hindering law enforcement. Hamilton acknowledged a jury would be presented with sufficient evidence to find him guilty of the charge beyond a reasonable doubt, referencing the *Alford* plea procedure. The State provided a factual basis. The court found Hamilton's plea to be knowing, intelligent, voluntary, and supported by a sufficient factual basis.

[¶6]   Hamilton argues the district court abused its discretion by arbitrarily rejecting the plea agreement for lack of a sufficient factual basis but then accepting the open plea, because a factual basis is required for both. "Rule 11, N.D.R.Crim.P., governs pleas and provides the procedural framework for entering pleas. To be valid, a guilty plea must be entered knowingly, intelligently, and voluntarily. Generally, a defendant who voluntarily pleads guilty waives the right to challenge non-jurisdictional defects and may only attack the voluntary and intelligent character of the plea." *State v. Wallace*, 2018 ND 225, ¶ 6, 918 N.W.2d 64 (cleaned up).

[¶7]   After making an unconditional, open plea, Hamilton may only attack the voluntary and intelligent character of the plea. *See State v. Trevino*, 2011 ND 232, ¶ 6, 807 N.W.2d 211. Hamilton's argument that the district court abused its discretion by rejecting the previously-presented plea agreement was waived when he knowingly, voluntarily, and intelligently pled guilty. He can no longer challenge such non-jurisdictional defects. *Id.*

II

[¶8]   Hamilton argues the district court abused its discretion by substantially relying on impermissible factors. He argues the court impermissibly relied on facts outside the record, including: a Virginia court order finding the individuals he aided were "unsafe parents"; Hamilton's actions aiding removal of the children from the custody of their aunt; and the procedure for issuing and general seriousness of Amber alerts. Hamilton argues he was sentenced in an illegal manner because the main factors the court relied on were based on information outside the record, or unreasonable inferences from information in the record.

[¶9]   This Court reviews a district court's sentencing decision under an abuse of discretion standard. *See State v. Thomas*, 2020 ND 30, ¶17, 938 N.W.2d 897. Our review is generally limited "to whether the court acted within the statutorily prescribed sentencing limits or substantially relied on an impermissible factor." *Id.* (quoting *State v. Clark*, 2012 ND 135, ¶ 18, 818 N.W.2d 739).

[¶10] Hamilton did not object to the district court's discussion of or reliance on these factors during his sentencing hearing. When an issue has not been properly preserved, we review only for obvious error. N.D.R.Crim.P. 52(b); *State v. Smith*, 2023 ND 6, ¶ 5, 984 N.W.2d 367. "We exercise our power to consider obvious error cautiously and only in exceptional situations where the defendant has suffered serious injustice." *Id.* (quoting *State v. Landrus*, 2022 ND 107, ¶ 6, 974 N.W.2d 676). "To establish an obvious error, the defendant must show: (1) error; (2) that is plain; and (3) the error affects the defendant's substantial rights." *Smith*, 2023 ND 6, ¶ 5. "There is no obvious error when an applicable rule of law is not clearly established." *State v. Gardner*, 2023 ND 116, ¶ 5, 992 N.W.2d 535 (quoting *State v. Lott*, 2019 ND 18, ¶ 8, 921 N.W.2d 428. "[T]he determination whether to correct the error lies within the discretion of the appellate court, and the court should exercise that discretion only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *State v. Pemberton*, 2019 ND 157, ¶ 9, 930 N.W.2d 125 (quoting *State v. Patterson*, 2014 ND 193, ¶ 4, 855 N.W.2d 113).

[¶11] During a sentencing hearing, a district court is not restrained by the rules of evidence except for the rules on privilege. N.D.R.Ev. 1101(d)(3)(D). Further, a district court may draw a reasonable inference from evidence presented. *See State v. Hoverson*, 2006 ND 49, ¶¶ 38-39, 710 N.W.2d 890 (rejecting argument that reliance on unproven conduct is an impermissible factor).

[¶12] We have held the district court relied on an impermissible factor when it misinterpreted a statutory definition of "dangerous weapon" to the detriment of the defendant. *State v. Christensen*, 2019 ND 11, ¶ 10, 921 N.W.2d 436. We have also held penalizing a defendant for exercising a constitutional right is

3

an impermissible factor. *State v. Hass*, 268 N.W.2d 456, 463-464 (N.D. 1978) (holding it is impermissible to penalize a defendant for standing trial or remaining silent); *see also Hoverson*, 2006 ND 49, ¶¶ 35-36 (concluding consideration of either uncounseled guilty pleas without waiver of counsel or pending criminal charges is impermissible).

[¶13] Hamilton cites no clearly established law prohibiting reliance on information from outside the record or a court's use of its personal knowledge regarding such things as Amber alerts. Hamilton has not demonstrated that the factors the court considered were a clear deviation from the applicable statutory provisions, case law, or rules of evidence. The sentencing factors are outlined in N.D.C.C. § 12.1-32-04. "Although entitled to consideration, the sentencing factors in § 12.1-32-04 do not control the district court's discretion and are not an exclusive list of all a district court may consider in fixing a criminal sentence." *State v. Lyon*, 2020 ND 34, ¶ 7, 938 N.W.2d 908. A district court need not explicitly reference the factors listed in section 12.1-32-04. *Id.*

[¶14] We conclude the district court did not commit obvious error when it considered facts outside the record and relied on its personal knowledge regarding Amber alerts when deciding Hamilton's sentence.

### III

[¶15] The judgment of the district court is affirmed.

[¶16] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr